DAVID E. KAHN, City Attorney (98128)
KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
REBECCA L. MOON, Assistant City Attorney (167981)
ROBERT L. BOCO, Assistant City Attorney (197032)
CITY OF SUNNYVALE
OFFICE OF THE CITY ATTORNEY
456 West Olive Ave.
Sunnyvale, CA 94086
(408) 730-7464 (voice)
(408) 730-7468 (fax)

Attorneys for Defendants
DEVON KLEIN and SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

**FILED**

JUL 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

JAMES ALAN BUSH,

      Plaintiff,

  vs.

DEVON KLEIN, SUNNYVALE
DEPARTMENT OF PUBLIC SAFETY,

      Defendants.

**C08  03456**   RS

NOTICE OF REMOVAL OF SANTA
CLARA COUNTY SUPERIOR COURT
ACTION NO. 1-08-CV-117198 UNDER 28
U.S.C. 1441(B) [Federal Question];
DEMAND FOR JURY TRIAL

**BY FAX**

TO THE CLERK OF THE NORTHERN DISTRICT UNITED STATES DISTRICT

COURT:  PLEASE TAKE NOTICE THAT DEFENDANTS DEVON KLEIN AND THE

SUNNYVALE DEPARTMENT OF PUBLIC SAFETY HEREBY REMOVE TO THIS COURT

THE STATE COURT ACTION DESCRIBED BELOW:

    1.    On June 15, 2007, Action Number 1-07-CV-117198 was commenced in the Santa

Clara County Court captioned "JAMES ALAN BUSH v. DEVON KLEIN, SUNNYVALE

-1-

DEPARTMENT OF PUBLIC SAFETY." A true copy of plaintiff's complaint is attached hereto as Exhibit "A".

2.      The first date upon which the defendants were served with the summons and complaint was July 15, 2008.

3.      This action is a civil action of which the Federal Court has original jurisdiction under 28 U.S.C §1331 and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441(b) in that plaintiff pro se claims that the defendants deprived him of civil rights under 42 U.S.C. §1983.

4.      The only defendants in the case are the CITY OF SUNNYVALE and DEVON KLEIN both of whom are represented by the City of Sunnyvale, Office of the City Attorney, and agree to removal.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial in this action.


Dated: July 17, 2008                         CITY OF SUNNYVALE


                                             By: _____
                                                 Rebecca L. Moon
                                                 Assistant City Attorney

-2-

NOTICE OF REMOVAL OF ACTION

**PROOF OF SERVICE BY MAIL**
*James Alan Bush v. Devon Klein, et. al.*
*Case No. Not Assigned*

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086. I am over the age of 18 years and not a party to this action.

On July 17, 2008, I served the following document(s) described as:

**NOTICE TO ADVERSE PARTY AND CLERK OF THE SANTA CLARA COUNTY SUPERIOR COURT OF REMOVAL TO FEDERAL COURT OF ACTION NO. 1-08-CV-117198 UNDER 28 U.S.C. 1441(B) [Federal Question]; DEMAND FOR JURY TRIAL; CIVIL CASE COVER SHEET; NOTICE OF RELATED CASES**

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
1211 East Santa Clara Ave. #4
San Jose, CA 95116

[x]  (U.S. MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[]  [FACSIMILE]  By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ]  [OVERNIGHT DELIVERY] By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ]  [HAND DELIVERED]  By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 17, 2008, at Sunnyvale, CA.

SAM ROBERTS

-3-

NOTICE OF REMOVAL OF ACTION

1

James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95116
(408) 217-8282

(ENDORSED)
FILED

JUL 14 08

2

3

4

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____ J. Cabrera, Deputy Clerk

Plaintiff *in pro per*

JUL 15 '08 PM4:29

5

6

7

8

SUPERIOR COURT OF CALIFORNIA

9

COUNTY OF SANTA CLARA

10

CIVIL DIVISION

11

12

**1 0 8 C V 1 1 7 1 9 8**

13

James Alan Bush,                    )
                                    )
14                    Plaintiff, )
                                    )
15      v.                          )
                                    )
16                                  )
                                    )
17   Devon Klein, Sunnvyale         )
     Department of Public Safety,   )
18                                  )
                    Defendants. )
19   _____ )

COMPLAINT FOR DEPRIVATION OF
RIGHTS UNDER COLOR OF LAW FOR
INVASION OF PRIVACY
[Title 42 U.S.C.S. § 1983,
U.S. Const., amend. XIV,
Cal. Const. art. I, § 1]

AND FOR DAMAGES AND INJUNCTIVE
RELIEF FOR FAILURE TO MAINTAIN
RECORDS PROPERLY
[Civ. Code § 1798.45(b), (c),
Civ. Code § 1798.18]

[ LIMITED CIVIL CASE; UNDER $10,000]

20

21

**PRELIMINARY STATEMENT**

22

     Plaintiff brings this civil action, pursuant to Civ. Code

23

§ 1798.45(b), (c), for injunctive[1] and declaratory[2] relief and damages,

24

against, Defendants, Sunnyvale Department of Public Safety[3], for

25

improper maintenance of records, and, in particular, for failing to

26

comply with the provisions of the Information Practices Act [Civ. Code

COMPLAINT FOR VIOLATION REGARDING GOVERNMENT RECORDS          PAGE 1

**Exhibit A**

1  §§ 1798-1798.78] by disclosing plaintiff's medical information (i.e.,

2  plaintiff's HIV-positive status) in a police report[4,5], which constitutes

3  an invasion of plaintiff's privacy, a violation of the Fourteenth

4  Amendment to the United States Constitution[5] and the California

5  Constitution.

6

7                              **JURISDICTION**

8      Any state agency that fails to comply with any provision of the

9  Information Practices Act (Civ. Code §§ 1798-1798.78) may be enjoined by

10  any court of competent jurisdiction. The court may make such order or

11  judgment as may be necessary to prevent the use or employment by an

12  agency of any practices which violate the Act [Civ. Code § 1798.47].

13      The action for injunctive relief may be prosecuted by a member of

14  the general public, or by any individual acting in his own behalf [Civ.

15  Code § 1798.47].

16      If the action seeks permanent injunctive relief, it is in the

17  jurisdiction of the superior court and is not a limited civil case [Cal.

18  Const. art. IV, § 10; Code Civ. Proc. §§ 85, 86(a)(8), 580(b)(2)].

19      A person who has been deprived of his constitutional rights by a

20  state or local official acting under color of state law may also being

21  an action under 42 U.S.C.S. § 1983 in a state court [Ochoa v. Superior

22  Court (1985) 39 Cal. 3d 159, 173, 173 n.10, 216, Cal. Rptr. 661, 703 P.2d

23  1; Williams v. Horvath (1976) 16 Cal. 3d 834, 837, 129 Cal. Rptr. 453,

24  548 P.2d 1125]. A person seeking a redress of his personal rights under

25  color of state law is not required to first exhaust state administrative

26  or judicial remedies [Monroe v. Paper (1961) 365 U.S. 167, 183, 81 S. Ct.

1 | 473, 5 L. Ed. 2d 492].

2

3 | **VENUE**

4 | An action to enforce any liability created under Civ. Code

5 | §§ 1798.45-1798.48 (civil remedies for violation of Information Practices

6 | Act) may be brought in any court of competent jurisdiction in the

7 | county in which the complainant resides or in which the defendant's

8 | records are situated [Civ. Code § 1798.49].

9 | In an action for invasion of privacy, venue is proper in the county

10 | where the defendants, or some of them, reside at the commencement of

11 | the action [Code Civ. Proc. § 395(a)].

12

13 | **PARTIES**

14 | 1.  Plaintiff is a natural person. Plaintiff is, and at all times

15 | mentioned herein was, a resident of the County of Santa Clara,

16 | California. The agency records described herein are also situated

17 | in the County of Santa Clara, California.

18 | 2.  Defendant, Sunnyvale Department of Public Safety, is, and at all

19 | times mentioned herein was, an agency of the state government,

20 | which is a law enforcement agency, charged with the enforcement of

21 | law and order.

22 | 3.  Defendant, Devon Klein, at all times relevant to this action, was a

23 | public safety officer for the Sunnyvale Department of Public Safety,

24 | and was acting within the course and scope of that employment. Upon

25 | information and belief, Defendant Klein was also a resident of the

26 | City of Sunnyvale, and County of Santa Clara.

COMPLAINT FOR VIOLATION REGARDING GOVERNMENT RECORDS                    PAGE 3

1                     **FACTUAL ALLEGATIONS**

2   4.   Defendant, Sunnyvale Department of Public Safety, maintains the

3          following record: Incident Report #06-3337. This record contains the

4          following purported information concerning plaintiff:

5               Bush stated he was under the care of a doctor and

6               ingests numerous medications to combat his HIV infection.

7          A copy of this record are attached hereto as Exhibit "A", and made

8          a part hereof.

9   5.   This purported information concerning plaintiff contained in

10         defendant agency's records is inaccurate and irrelevant, and is

11         otherwise an invasion of plaintiff's legally protected privacy

12         interest.

13   6.   Defendant Klein collected the above-information from indirect

14         sources, despite the fact that defendant could have obtained

15         accurate and timely information directly from plaintiff, in

16         violation of Civ. Code § 1798.15.

17   7.   At the times mentioned herein, plaintiff was unaware, and had

18         no way of being aware, of the inaccuracy and irrelevance of the

19         information maintained by Defendant, Sunnyvale Department of Public

20         Safety.

21   8.   The manner in which defendant maintained the defendant agency's

22         records containing information concerning plaintiff constitutes

23         invasion of privacy by public disclosure of private facts, in that:

24         •   The disclosure was a public disclosure in that plaintiff's

25           medical information was disclosed in a public record, and was

26           also communicated orally by Defendant Klein to plaintiff's

1   neighbors" and the neighborhood management.

2   • The facts disclosed about plaintiff were inaccurate, and

3   plaintiff desired to keep them private.

4   • The disclosure by Defendant Klein of the above facts was

5   offensive and objectionable to plaintiff and to a reasonable

6   person of ordinary sensibilities in that it imputes plaintiff

7   of a loathsome disease.

8   • The private facts disclosed by Defendant Klein were not

9   relevant or necessary to accomplish the purposes of law

10  enforcement, nor did they bear any logical relationship to

11  the circumstances or events occuring on March 31st, 2008,

12  and, consequently, were intrusive in great disproportion to

13  their relevance; moreover, the disclosure of these facts is

14  not authorized by the California Constitution or statute or

15  mandated by the federal government [Civ. Code § 1798.14].

16  9.  As a proximate result of the above disclosure, plaintiff was

17  scorned, and exposed to contempt and ridicule, and suffered loss

18  of reputation and standing in the community, all of which caused

19  him humiliation, embarrassment, hurt feelings, mental anguish, and

20  suffering, all to his general damage in an amount according to

21  proof. To-wit:

22  • Per Josh Williams, on July 22nd, 2006:

23  WILLIAMS:  Listen, bro, listen... That AIDS you got is terminal,

24  and it's gonna kill you eventually. [omitted] God take

25  his word, because he gave you this disease; because,

26  apparently, you deserve it or what-not.

1    • Per Kathy Bickel, on July 14th, 2007:

2    PLAINTIFF: [reading from police report] "The victim then

3    positively identified Bush as being the suspect and

4    mentioned the blackness under Bush's eyes. Due to a

5    medical condition, Bush was held in the SCPD [Santa

6    Clara Police Department] waiting area." What do you

7    think they meant by that? Can I read that again to

8    you? "Due to a medical condition, Bush was held in

9    the SCPD waiting area."

10    BICKEL:    Well, it sounds like they knew you had a medical

11    condition.

12    PLAINTIFF: Which one do you think they would think I had that

13    would cause them not to take me to somewhere they might

14    take [other] people without this medical condition?

15    Which one do you think that might have been?

16    BICKEL:    Well, you had AIDS. You sat there on the curb and

17    told them you had AIDS. [omitted]

18    PLAINTIFF: Yeah. Well, anyway, um...we were trying to establish,

19    um...I think I kind of got off track; but, it was

20    something that concerned me. I got the feeling that,

21    for some odd reason—maybe I just misread you—I don't

22    think I did, though...do you think I am, in some

23    way, a danger to...to Tyler?! [plaintiff's nephew] Uh,

24    I don't really put...

25    BICKEL:    It does conc—...

26    PLAINTIFF: Go ahead...

COMPLAINT FOR VIOLATION REGARDING GOVERNMENT RECORDS              PAGE 6

| 1 | BICKEL: | It does concern me that, if you were here doing |
| 2 | | drugs, you could be. |
| 3 | PLAINTIFF: | Well, I agree. Anybody doing drugs around a child |
| 4 | | is, you know, not a responsible person. Um, I |
| 5 | | just couldn't, uh, quite understand why...how |
| 6 | | that came into play with this whole court case |
| 7 | | thing; because, it was a comment you made as |
| 8 | | police entered the restaurant. I, I just thought |
| 9 | | to myself, "My goodness! Why in the world...?" |
| 10 | | First of all, you know I'm never going to live to |
| 11 | | get there, anyway. Second of all, I would never |
| 12 | | be that irresponsible. And, two...three, you know, |
| 13 | | I just kind of got the feeling that, you know, |
| 14 | | there might been a little bit more to it; so, if |
| 15 | | you're being, um...if you're holding back anything, |
| 16 | | now is the time to go ahead and let it...let it |
| 17 | | looose and just let me know what your concerns |
| 18 | | are specifically. Do you...? You've made a couple of |
| 19 | | babies-related comments in the past, uh, that have |
| 20 | | kind of been...I don't know—the innuendo was...was |
| 21 | | along the lines of what you just said now, and |
| 22 | | I'm just wondering if maybe there's a little bit |
| 23 | | more to this story than I'm hearing. If there is, |
| 24 | | please just...don't [make] me pry it out of you. |
| 25 | | Just tell me what it is. Just, "BOOM!" [snaps |
| 26 | | fingers] What is it?! |

1           BICKEL:    I'm not... Well, I don't think there's anything,

2                   hon.

3   10. In making the disclosure described above, defendant was guilty of

4       oppression, fraud, or malice, in that defendant made the disclosure

5       with the intent to vex, injure, or annoy plaintiff, and in willful

6       and conscious disregard of plaintiff's rights. Plaintiff therefore

7       seeks an award of punitive damages.

8   11. Defendant has threatened to continue to disclose the above

9       information. Unless and until enjoined and restrained by order of

10      this court, defendant's continued publication will cause plaintiff

11      great and irreparable injury in that plaintiff will suffer

12      continued humiliation, embarassmnet, hurt feelings, and mental

13      anguish. Plaintiff has no adequate remedy at law for the injuries

14      being suffered in that a judgment for monetary damages will not end

15      the invasion of plaintiff's privacy.

16

17                     **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff prays judgment against Defendant as follows:

19   1. For general damages according to proof;

20   2. For special damages according to proof;

21   3. For compensatory damages, for impairment of reputation and standing

22      in the community, personal humilation, mental anguish, suffering,

23      and hurt feelings [Diaz v. Oakland Tribue, Inc. (1983) 139 Cal.

24      App. 3d 118, 137, 188 Cal. Rptr. 762; Fairfield v. American Photocopy

25      Equip. Co. (1955) 138 Cal. App. 2d 82, 88-89, 291 P.2d 194];

26   4. For punitive damages, for oppression, fraud, and malice [Civ. Code

COMPLAINT FOR VIOLATION REGARDING GOVERNMENT RECORDS        PAGE 8

§ 3294(a); Perkins v. Superior Court (1982) 117 Cal. App. 3d 1, 6-7,
172 Cal. Rptr. 427; Diaz v. Oakland Tribune, Inc. (1983) 139 Cal.
App. 3d 118, 135, 188 Cal. Rptr. 762];

4. For a preliminary and permanent injunction and a permanent
   injunction enjoining defendant and their agents, servants, and
   employees, and all persons acting under, in concert with, or for
   them from continuing to publish the above-described private facts
   about plaintiff;

5. For costs of suit herein incurred; and,

6. For such other further relief as the court may deem proper.


**VERIFICATION**

I, James Alan Bush, am the plaintiff in the above-entitled action.
I have read the foregoing complaint and know the contents thereof. The
same is true of my own knowledge, except as to those matters which are
therein alleged on information and belief, and as to those matters, I
believe it to be true.

I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Signed: _____      Dated: 7-14-08

James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95116
(408) 217-8282

Plaintiff *in pro per*

(ENDORSED)
FILED

JUL 14 08

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

By_____
Deputy Clerk
J. Cao Nguyen

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

CIVIL DIVISION

108CV117198

James Alan Bush,

                    Plaintiff,

    v.

Devon Klein, Sunnvyale
Department of Public Safety,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF'S COMPLAINT FOR
DEPRIVATION OF RIGHTS UNDER COLOR
OF LAW FOR INVASION OF PRIVACY
AND FOR FAILURE TO MAINTAIN
RECORDS PROPERLY

[California Rules of Court, Rule 313]

MEMORANDUM OF POINTS AND AUTHORITIES

1.  Injunctive relief is proper under 42 U.S.C.S. § 1983 when there has

    been deprivation of civil rights. [Schnell v. City of Chicago (7th

    Cir. 1969) 407n F.2d 1084, 1086]

2.  Declaratory relief is available under 42 U.S.C.S. § 1983. [Gay

    Student Servs., v. Texas A & M Univ. (5th Cir. 1980) 612 F.2d 160,

1    166]

2    3.    Right to security of one's privacy against arbitrary intrusion by

3         police. [Cohen v. Norris (9th Cir. 1962) 300 F.2d 24, 31]

4    4.    Zone of privacy extends to the details of one's medical history

5         [Jeffrey H. v. Imai, Tadlock & Keeney (2000) 85 Cal. App. 4th 345,

6         353, 101 Cal. Rptr. 2d 916; Jones v. Superior Court (1981) 119 Cal.

7         App. 3d 534, 548-550, 174 Cal. Rptr. 148]. Disclosure of HIV positive

8         status is entitled to protected under Cal. Const. art. I, § 1 under

9         appropriate circumstances [Urbaniak v. Newton (1991) 226 Cal. App.

10        3d 1128, 1140, 277 Cal. Rptr. 354]. A person's medical history falls

11        within the legally recognized privacy interest, so that an AIDS

12        patient, who identity is necessarily linked with his medical history

13        in the police report, has a privacy interest in the disclosure of

14        his identity [Johnson v. Superior Court (2000) Cal. App. 4th 1050,

15        1068-1069, 95 Cal. Rptr. 2d 864].

16   5.    Court held that plaintiff sufficiently stated a claim when she

17        alleged that a police officer communicated the fact that she was

18        HIV-infected to various neighbors. [DOE v. Town of Plymouth 825 F.

19        Supp. 1102 (D. Mass. 1993)]

20   6.    Acts constituting invasion of plaintiff's privacy prohibited by

21        Fourteenth Amendment and by 42 U.S.C.S. § 1983. [York v. Story (9th

22        Cir. 1963) 324 F.2d 450, 455]

23   7.    Court held that plaintiff sufficiently stated a claim when she

24        alleged that a police officer communicated the fact that she was

25        HIV-infected to various neighbors. [DOE v. Town of Plymouth 825 F.

26        Supp. 1102 (D. Mass. 1993)]

MEMORANDUM OF POINTS AND AUTHORITIES                          PAGE 11

James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95116
(408) 217-8282

Plaintiff *in pro per*

(ENDORSED)
FILED

JUL 14 08

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, CA
By_____
J. Cao Nguyen Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

SAN JOSE DIVISION

108CV117198

|  |  |
|---|---|
| James Alan Bush,<br><br>                    Plaintiff,<br><br>    v.<br><br>Devon Klein, Sunnyvale<br>Department of Public Safety,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | REQUEST FOR JUDICIAL NOTICE OF<br>EXHIBITS IN SUPPORT OF PLAINTIFF'S<br>COMPLAINT FOR DEPRIVATION OF<br>RIGHTS UNDER COLOR OF LAW FOR<br>INVASION OF PRIVACY AND FOR<br>FAILURE TO MAINTAIN RECORDS<br>PROPERLY<br><br>[Cal. Rules of Ct., Rule 323(c)] |

REQUEST FOR JUDICIAL NOTICE OF EXHIBITS

Plaintiff hereby requests Judicial Notice of the following exhibits:

1.   Exhibit "A", Sunnyvale Department of Public Safety, Incident Report

No. 06-3337, written by Devon Klein, on March 31st, 2006.

Signed: _____        Dated: 7-14-08

REQUEST FOR JUDICIAL NOTICE OF EXHIBITS                              PAGE 12

1   James Alan Bush
     1211 East Santa Clara Avenue #4
2   San Jose, CA 95116
     (408) 217-8282
3

   Plaintiff *in pro per*
4

(ENDORSED)
FILED

JUL 14 08

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:_____
         Deputy Clerk

5

6

7

8              SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SANTA CLARA

10               CIVIL DIVISION

11

12

13   James Alan Bush,         )     **108CV117198**
                       )       EXHIBIT A
14           Plaintiff,   )
                       )   SUNNYVALE DEPARTMENT OF PUBLIC
15   v.                  )    SAFETY INCIDENT REPORT
                       )     NUMBER 06-3337
16                       )
                       )   [Cal. Rules of Ct., Rule 2.114]
17   Devon Klein, Sunnyvale   )
     Department of Public Safety,  )
18                       )
           Defendants.  )
19

20

21                  EXHIBIT A

22    Petitioner hereby submits Exhibit "A", a copy of Sunnyvale

23   Department of Public Safety Incident Report No. 06-3337, written by

24   Devon Klein, on March 31st, 2006.

25

26   Signed: _____     Dated: 7-14-08

EXHIBIT A - SDPS INCIDENT REPORT NUMBER 06-3337        PAGE 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



# Incident Report                                06-3337    Supplement No.
# Sunnyvale Police Department                              ORIG

Address
700 All America Way                          Reported Date
City, State Zip Code                          03/31/2006
SUNNYVALE, CA 94086                           Nature of Call
                                              11550(A)
                                              Officer
Phone Number                                  KLEIN,DEVON
(408)730-7100
Fax Number
(408)730-7705

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| Sunnyvale Police Department | 06-3337 | ORIG | 03/31/2006 | 23:09 |

| Incident No | Status | Nature of Call |
|---|---|---|
| 060900354 | C CLEARED BY ARREST | 11550(A) HS UNDER INFLUENCE |

| Location | City | Rep Dist | Area | Beat |
|---|---|---|---|---|
| 1220 TASMAN DR #379 | SUNNYVALE | 22 / | / 2 | 2 |

| From Date | From Time | Officer |
|---|---|---|
| 03/31/2006 | 23:09 | 14230/KLEIN,DEVON |

| Assignment | Entered by | Assignment | RMS Transfer |
|---|---|---|---|
| PATROL TEAM A SQUAD 6 | 14230 | PATROL TEAM A SQUAD 6 | Successful |

| Approving Supervisor | Approval Date | Approval Time |
|---|---|---|
| 13248/RUSHMEYER, CARL | 04/01/2006 | 06:23:55 |

| Complaint Requested | Narrative | Suspect Report | Arrest Tab |
|---|---|---|---|
| X | X | X | X |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|---|
| ARR | 1 | I | BUSH,JAMES | 781360 | W | M | 09/26/1972 |

| Invl | Invl No | Type | Name | MNI | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|---|
| VIC | 1 | I | STATE OF CALIFORNIA | 655580 | | | |

## Summary Narrative

On 3/31/06, at approximately 2309 hours, I responded to 1220 Tasman Drive, #379, Sunnyvale, for the report of a possible prowler. Upon arrival an area check was conducted with negative results. James Bush (DOB 9/26/72) was identifed as the R/P and was located within the residence. While talking with Bush I suspected he was under the influence of a controlled substance. Bush performed a series of FCT's. Based on Bush's performance on the FCT's I determined that he was under the influence of a controlled substance, a CNS stimulant, in violation of 11550(a) H&S.

| Report Officer | Printed At | |
|---|---|---|
| 14230/KLEIN,DEVON | 08/25/2006 10:32 | Page 1 of 3 |

# Incident Report
# Sunnyvale Police Department

06-3337

Supplement No.
ORIG

## ARRESTEE 1: BUSH, JAMES

| Involvement | Invl No | Type | Name | | | | | MNI | Race | Sex |
|---|---|---|---|---|---|---|---|---|---|---|
| ARRESTEE | 1 | Individual | BUSH, JAMES | | | | | 781360 | WHITE | MALE |

| Date of Birth | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Gen Appearance | Build | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/26/1972 | 33 | No | 5'11" | 185# | BROWN | HAZEL | CLEAN | THIN | | |

| Type | Address | | | | | City | | State | |
|---|---|---|---|---|---|---|---|---|---|
| HOME | 1220 TASMAN DR #379 | | | | | SUNNYVALE | | CALIFORNIA | |

| ZIP Code |
|---|
| 94089 |

| Type | | ID No | | OLS | |
|---|---|---|---|---|---|
| OPERATOR LICENSE | | B9568889 | | CALIFORNIA | |

| | | ID No | |
|---|---|---|---|

| Phone Type | Phone No |
|---|---|

| Involvement | Arrest Type | Arrest Date | Arrest Time | Booking No | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|---|
| ARRESTED | ARRESTED | 03/31/2006 | 23:24:00 | 06-986 | 03/31/2006 | 23:33:00 | BOOKED |

| Dispo | Arrest Location | | City | |
|---|---|---|---|---|
| MISDEMEANOR | 1220 TASMAN DR #379 | | SUNNYVALE | |

| Rep Dist | Beat | |
|---|---|---|
| 22 / | 2 | |

| Charge | | Level | Charge Literal | |
|---|---|---|---|---|
| HS11550(A) | | M | UNDER INFLUENCE CONT | |

## VICTIM (Person) 1: STATE OF CALIFORNIA

| Involvement | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| VICTIM (Person) | 1 | Individual | STATE OF CALIFORNIA | 655580 |

## Narrative

**PLEO:**
PSO Rose  Fill Officer  No Report
PSO Fontaine  Fill Officer  No Report

**INVESTIGATION:**
On 3/31/06, at approximately 2309 hours, I was dispatched to 1220 Tasman Drive, #379, Sunnyvale, for the report of a possible prowler. The resident of this address, James Bush (DOB 9/26/72), reported hearing unknown subjects outside his residence attempting to force entry.

Upon arrival PSO Fontaine, PSO Rose, and I responded to the residence and performed a thorough area check of the surrounding area with negative results. Additionally, no signs of attempted forced entry were located on the exterior of the residence.

I next contacted Bush who was inside the residence and informed him that no subjects were located in the area of his residence. As I talked with Bush I observed that he had excited rambling speech, loosely constructed ideas, and avoided eye contact with me. Based on my observations I suspected that Bush was under the influence of a controlled substance. I explained to Bush that I suspected he was under the influence of a controlled substance. Bush informed me that he had ingested methamphetamine on 3/31/06 at approximately 1500 hours. I asked Bush the standard field sobriety questions. Bush stated he was neither sick nor injured. He is not diabetic nor epileptic, and doesn't take insulin or Dilantin. Bush stated he was under the care of a doctor and ingests numerous medications to combat his HIV infection. I then asked Bush to perform the following tests with the following results. The tests were performed within the living room of the residence.

Pulse: 132 beats per minute (bpm).

| Report Officer | Printed At | |
|---|---|---|
| 14230/KLEIN, DEVON | 08/25/2006 10:32 | Page 2 of 3 |

# Incident Report
## Sunnyvale Police Department

06-3337     Supplement No
ORIG

### Narrative

Eyes: Horizontal Gaze Nystagmus was not present. Vertical Gaze Nystagmus was not present. Bush was able to converge his eyes as my finger approached his nose. Bush's pupils were , approximately 7.0 mm in comparison to my pupillometer in the well lit living room. Bush was able to track my finger smoothly. I then used the outer cone of light from the beam of my flashlight to illuminate Bush's pupils and they constricted to approximately 6.0 mm, then rebound dilated to approximately 6.5 mm. Bush's pupils were nonreactive.

Pulse: 126 beats per minute (bpm)

Rhomberg Stand: Bush was to stand with his feet together and his hands at his sides. He was told to tilt his head back and close his eyes. In this position, he was to estimate when he thought that 30 seconds had passed. I told Bush to start. Bush fidgeted with his fingers throughout this test and rocked forward and back. Bush told me to stop when 27 seconds had passed.

Pulse: 126 beats per minute (bpm)

Based upon the results of the tests I administered to Bush, I suspected him of being under the influence of a controlled substance, a CNS stimulant, in violation of 11550(a) H&S. I informed Bush that he was under arrest for this violation. I placed Bush in handcuffs without incident. The handcuffs were checked for proper application and double locked.

Bush was seated in the rear seat of my patrol vehicle. I transported Bush to the Sunnyvale DPS Jail for booking and processing.

#### PHYSICALEVIDENCE:
Licensed Medical Technician Espinosa responded to the Sunnyvale DPS Jail and collected a sample of Bush's blood, and placed the samples in the refrigerator, in the secure area of the booking area, for evidence. See attached report for further details.

#### INVESTIGATIONCONTINUED:
Bush was ultimately transported and booked into Santa Clara County Jail for the charge of 11550(a) H&S, under the influence of a controlled substance. This case will be cleared by arrest and forwarded to the District Attorney's Office for review and prosecution.

| Report Officer | Printed At | |
|---|---|---|
| 14230/KLEIN,DEVON | 08/25/2006 10:32 | Page 3 of 3 |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time**. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money**. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation**. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility**. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress**. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
     < The parties want a non-adversary procedure
     < The parties have a continuing business or personal relationship
     < Communication problems are interfering with a resolution
     < There is an emotional element involved
     < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
     < The parties are far apart in their view of the law or value of the case
     < The case involves a technical issue in which the evaluator has expertise
     < Case planning assistance would be helpful and would save legal fees and costs
     < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

JUL 15 '08 PM4:29

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br>
ENDORSED<br>
FILED<br>
JUL 14 08<br>
David H. Yamasaki, Clerk of the Superior Court<br>
County of Santa Clara, California<br>
By _____<br>
J. Cao-Nguyen

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Sunnyvale Department of Public Safety, James Anton, Benjamin Holt

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James Alan Bush

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Santa Clara<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**C V 1 1 7 1 9 9** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Alan Bush • (408) 217-8282
1211 East Santa Clara Avenue #4, San Jose, CA 95116

DATE: **JUL 1 4 2008**          DAVID H. YAMASAKI          J. Cao-Nguyen
*(Fecha)*                Chief Executive Officer, Clerk    Clerk, by _____, Deputy
                                   *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* 416.50 (public entity)
4. ☑ by personal delivery on *(date):* 7-14-08

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*will ___ will ___ ___ ___*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> James Alan Bush <br> 1211 East Santa Clara Avenue #4 <br> San Jose, CA 95116 <br><br> TELEPHONE NO.: (408) 217-8282    FAX NO.: <br> ATTORNEY FOR (Name): self-represented | FOR COURT USE ONLY <br><br> ⟨ENDORSED⟩ <br> FILED <br><br> JUL 14 08 <br><br> David H. Yamasaki, Clerk of the Superior Court <br> County of Santa Clara, California <br> By: _____ J. Cam Nguyen <br> Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil Division

CASE NAME:
James Alan Bush v. James Anton, Ben Holt Snyvl. Dept. of Pub. Safety

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 108CV117199 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☑ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):  1 – Deprivation of Right to Privacy under Color of Law, Gov't Rec. Viol.
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7-14-08

James Alan Bush
_____    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Alan Bush | Devon Klein, Sunnyvale Department of Public Safety |

**(b)** County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James Alan Bush, in pro per
1211 East Santa Clara St. #4
San Jose, CA 95116

Attorneys (If Known)

Rebecca L. Moon, Asst. City Attorney
City of Sunnyvale
456 West Olive Ave.,
Sunnyvale, CA 94086

C08 03456 RS

ADR  E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Violation of right to privacy and other civil rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE."  C-08-01354 (RS) JF

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7/17/08 | |

BY FAX