DAVID E. KAHN, City Attorney (98128)
KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
REBECCA L. MOON, Assistant City Attorney (167981)
ROBERT L. BOCO, Assistant City Attorney (197032)
CITY OF SUNNYVALE
OFFICE OF THE CITY ATTORNEY
456 West Olive Avenue
Sunnyvale, CA 94086
(408) 730-7464 (voice)
(408) 730-7468 (fax)

Attorneys for Defendants
DEVON KLEIN and SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>                Plaintiff,<br><br>   vs.<br><br>DEVON KLEIN, SUNNYVALE DEPARTMENT OF PUBLIC SAFETY,<br><br>                Defendants. | Case No.:  C 08-03456 RS<br><br>**MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]**<br><br>Date:   September 10, 2008<br>Time:  9:30 a.m.<br>Dept.:  4<br>Hon. Richard Seeborg |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE

NOTICE that on September 10, 2008, at 9:30 a.m. or as soon thereafter as the matter may be

heard, in Courtroom 4 of the above-entitled court, located at 280 S. First Street, San Jose,

California, Defendants Devon Klein and the Sunnyvale Department of Public Safety will and

hereby do move the Court as follows:

-i-

MOTION FOR DISMISSAL, etc.                                          C 08-03456 RS

1  The Defendants move to dismiss the complaint on the ground that Plaintiff has failed to
2  state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure
3  12(b)(6).  In the alternative, Defendants request that the Court order Plaintiff to file a more
4  definite statement pursuant to Federal Rule of Civil Procedure 12(e).  In the alternative,
5  Defendants move to dismiss or quash the complaint on the ground of improper service under
6  Federal Rule of Civil Procedure 12(b)(5).

Dated: July 31, 2008                          CITY OF SUNNYVALE


                                              By: _____/S/_____
                                                      Rebecca L. Moon
                                                      Assistant City Attorney
                                                      Attorneys for Defendants
                                                      CITY OF SUNNYVALE and
                                                      DEVON KLEIN

-ii-

MOTION FOR DISMISSAL, etc.                                                    C 08-03456 RS

# TABLE OF CONTENTS

I. **INTRODUCTION**..................................................................................................1

II. **ARGUMENT**......................................................................................................2

    A. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE
        OF RES JUDICATA (CLAIM PRECLUSION) ………………………….  3

    B. ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF'S
        FEDERAL CAUSE OF ACTION ……………………….……………….  5

        1. Plaintiff's section 1983 claim is barred by the statute of
            limitations. ……………………………………………….............  5

        2. Plaintiff has not alleged sufficient facts to support a section
            1983 cause of action based on an invasion of privacy. …………  5

        3. Injury to reputation alone is not actionable under section 1983..  7

        4. Defendants' alleged actions do not "shock the conscience" for
            purposes of Fourteenth Amendment analysis. ………….............  8

        5. Officer Klein is entitled to qualified immunity. …………..........  8

        6. Plaintiff does not allege the existence of an unconstitutional
            policy or custom. ……………………………………………  9

    C. ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF
        STATE CAUSES OF ACTION ……………………….……………….  9

        1. Plaintiff has not alleged compliance with the Government
            Claims Act. …………………………………………………….  9

        2. The Statute of Limitations has expired. …………………………  9

        3. The California Information Practices Act does not
            apply to cities. ……………………………………………………. 9

        4. Any state law causes of action for defamation and/or
            invasion of privacy is barred by California Government
            Code § 821.6. (prosecutorial immunity). ………………………. 10

        5. Plaintiff has not pled sufficient facts to state a claim
            for invasion of privacy the California Constitution. ……………  10

    D. THE COMPLAINT SHOULD BE DISMISSED OR QUASHED FOR
        DEFECTIVE SERVICE OF PROCESS ………………….………  11

III. **CONCLUSION** ..............................................................................................11

-iii-

MOTION FOR DISMISSAL, etc.                                          C 08-03456 RS

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S.Ct. 1955 (2007) ............................................. 3

*Blankenhorn v. City of Orange*, 485 F.3d 463 ................................................................................ 8

*Bureerong v. Uvawas,* 922 F.Supp. 1450 (C.D. Cal. 1996.) ........................................................... 3

*City of Stockton v. Superior Court*, 42 Cal.4th 730 (2008) ............................................................. 9

*Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117 (9th Cir. 1980) ............................................... 5

*Cooper v. Dupnik,* 924 F.2d 1520 (9th Cir. 1991) ........................................................................... 7

*County of Sacramento v. Lewis,* 523 U.S. 833 (1988) ..................................................................... 8

*Gillan v. City of San Marino,* 147 Cal.App.4th 1033 .................................................................... 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1541 (9th Cir. 1989) ................. 5

*Hart v. Parks,* 450 F.3d 1059 (9th Cir. 2006) .................................................................................. 7

*Hill v. National Collegiate Athletic Assn.,* 7 Cal.4th 1 (1994) ...................................................... 10

*In re Crawford*, 194 F.3d 954 (9th Cir. 1999) .............................................................................. 5,6

*Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir. 1982) ................................................................... 11

*Jones v. Blanas,* 393 F.3d 918 (9th Cir.2004) ................................................................................. 5

*Monell v. Dep't of Social Services,* 436 S.Ct. 658, 98 S.Ct. 2018 (1978) ....................................... 9

*Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906(1983)……………………………….…..4

*Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708 (9th Cir. 2001)………………….  4

*Paul v. Davis,* 424 U.S. 693, 703, 96 S.Ct. 1155 (1976) ................................................................. 7

*Robertson v. Dean Witter Reynolds, Co.,* 749 F.2d 530 (9th Cir. 1984) ......................................... 2

*Roe v. Sherry,* 91 F.3d 1270 (9th Cir. 1996) .................................................................................... 6

*Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151 (2001) .................................................................... 8

*Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773 (9th Cir. 1982) ............................................ 7

*Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189 (9th Cir.1997) ..................................... 3, 4

*Western Systems, Inc. v. Ulloa,* 958 F.2d 864 (9th Cir. 1992) ........................................................ 4

-iv-

MOTION FOR DISMISSAL, etc.                                              C 08-03456 RS

*Wolff v. McDonnell,* 418 U.S. 539 (1974) ................................................................................. 8

**Statutes**

42 U.S.C. § 1983................................................................................................................. 1, 7, 9

Cal. Code Civ. Proc. § 335.1 ................................................................................................ 5, 9

Cal. Gov. Code § 6254(f)......................................................................................................... 6

Cal. Code Civ. Proc. § 414.10 ............................................................................................... 11

Cal. Code Civ. Proc. § 821.6 ................................................................................................. 10

Cal. Code Civ. Proc. § 905 ...................................................................................................... 9

Cal. Civil Code § 1798 *et. seq.* ............................................................................................ 1,9

Cal. Civil Code § 1798.3(b)(4) .............................................................................................. 10

Cal. Gov.Code § 821.6........................................................................................................... 10

Cal. Gov. Code § 911.2............................................................................................................ 9

Cal. Gov. Code § 945.4............................................................................................................ 9

FRCP 4.................................................................................................................................... 11

FRCP 4(c)(2)........................................................................................................................... 11

FRCP 12(b)(6) .................................................................................................................. 2, 5, 12

FRCP 12(b)(5) ................................................................................................................ 2, 11, 12

FRCP 12(e) ....................................................................................................................... 2, 3, 12

-v-

MOTION FOR DISMISSAL, etc.                                                                C 08-03456 RS

# I.

# INTRODUCTION

Plaintiff James Alan Bush brings this *pro per* action against the Sunnyvale Department of Public Safety and Sunnyvale Public Safety Officer Devon Klein under 42 U.S.C. § 1983 for "deprivation of rights under color of law for invasion of privacy" pursuant to the Fourteenth Amendment of the U.S. Constitution. The gravamen of the complaint is that Officer Klein wrote in a police report on March 31, 2006, that "Bush stated he was under the care of a doctor and ingests numerous medications to combat his HIV infection." (Complaint, page 4). The statement in question appears on page 2 of the police report (attached as Exhibit A to the complaint), in a paragraph describing plaintiff's appearance and demeanor and his response to "standard field sobriety questions." Plaintiff alleges that the statement was "inaccurate and irrelevant." He further alleges that the information was defamatory, that the defendants invaded his privacy under the California Constitution, and violated the California Information Practices Act (Civil Code §1798 *et. seq*).

This is one of at least eleven cases which plaintiff has filed in the past two years against various defendants including the City of Sunnyvale and others, alleging civil rights violations, employment discrimination, legal malpractice and other tort causes of action against an assortment of public entities, corporations and individual defendants.[1]  The Sunnyvale Department of Public Safety was a defendant three previous cases which were dismissed with prejudice on October 17, 2007, for failure to prosecute, to wit: *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-00831-JF),

---

[1] The other ten cases are: (1) *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-00831-JF), (2) *Bush v. Bichel et. al.* (507-CV-03641-JF), (3) *Bush v. Santa Clara Valley Medical Center et. al.* (507-CV-03942-JF), (4) *Bush v. Pinto et. al.* (507-CV-04241-JF), (5) *Bush v. Bickel et. al.* (507-04261-JF), (6) *Bush v. Cao et. al.* (507-CV-04460-JF), (7) *Bush v. United States Attorney General, et. al.* (508-CV-00539-JF), (8) *Bush v. Cloudmark et. al.* (508-CV-01272-JW), (9) *Bush v. Sunnyvale Department of Public Safety, et. al.* (508-CV-03154-JF, and (10) *Bush v. Anton et. al.* (508-CV-03459-HRL).

-1-

*Bush v. Pinto et. al.* (507-CV-04241-JF), and *Bush v. Cao et. al.* (507-CV-04460-JF). (See Defendant's Request for Judicial Notice, Exh. 5).

The dismissal with prejudice of these prior cases is an absolute bar to the present action. Therefore, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. In addition, the complaint (even if liberally construed) fails to state a claim under any of the asserted causes of action, and is vague and ambiguous under Rule 12(e). If the complaint is not dismissed, defendants request that plaintiff be required to file a more definite statement within ten days.

Finally, as separate ground for dismissal of the complaint, plaintiff improperly attempted to serve the summons by delivering it himself to the Sunnyvale Department of Public Safety, rather than using a process server or other non-party as required by both California and Federal Rules of Civil Procedure. (See Declaration of Marie Chia.) Service of the summons was defective and therefore the complaint should be dismissed, or service should be quashed, under Federal Rule of Civil Procedure 12(b)(5).

## II.

## ARGUMENT

A claim can be dismissed as a matter of law when there is "(1) a lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Co.,* 749 F.2d 530, 534 (9th Cir. 1984). In the present case, plaintiff's claims are barred as a matter of law by the dismissal with prejudice of his prior complaints. Moreover, the present complaint fails to state a cause of action due to lack of a cognizable legal theory, insufficient facts, or both. Plaintiff's complaint largely consists of statements of law and legal conclusions, and the few facts which are alleged are inadequately pled, thus rendering the complaint vague and ambiguous.

-2-

"While a complaint attacked by a Rule 12(b)(6 motion to dismiss does not need detailed factual allegations [cit.], a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S.Ct. 1955, 1965 (2007). The court "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory allegations in the form of factual allegations." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D. Cal. 1996.)

In addition, Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In this case, it is unclear whether plaintiff is claiming that he did not actually make the statement attributed to him in the police report, or whether he was just quoted "inaccurately," and if so, in what respect. It is also unclear whether plaintiff is claiming that the statement was false and defamatory, or whether it was true but an invasion of privacy. Plaintiff does not even identify the persons whom he believes obtained information about his medical condition from defendants. Therefore, if the complaint is not dismissed, defendants request that plaintiff be ordered to resubmit a pleading where plaintiff asserts precisely what factual allegations are being made and the relationship between each factual allegation and each "claim" or cause of action.

**A.**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE
DOCTRINE OF RES JUDICATA (CLAIM PRECLUSION)**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine is applicable whenever there is "(1) an

-3-
_____
MOTION FOR DISMISSAL, etc.                                                C 08-03456 RS

1  identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*
2  The prior judgment is conclusive "not only as to every matter which was offered and received to
3  sustain or defeat the claim or demand, but as to any other admissible matter which might have been
4  offered for that purpose." *Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992), quoting
5  *Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906 (1983).

6  Here, the second and third elements of claim preclusion are met because the plaintiff is the
7  same person, and because an involuntary dismissal for failure to prosecute operates as an
8  "adjudication on the merits." *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th
9  Cir. 2001). With regard to the first element, there is an "identity of claims" if the actions involve the
10 same "transactional nucleus of facts." *Id.* The specific legal theories asserted are not relevant,
11 because "[d]ifferent theories supporting the same claim for relief must be brought in the initial
12 action." *Western Systems, supra,* 958 F.2d at 871.

13 Three of plaintiff's previous cases, like the present case, assert civil rights violations and tort
14 causes of action arising out of interactions that plaintiff had with the Sunnyvale Department of Public
15 Safety beginning in March 2006. In particular, in *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-
16 00831-JF), plaintiff alleged that Sunnyvale police officers arrested him on March 31, 2006, and made
17 "false accusations" against him (Request for Judicial Notice, Exh. 1, page 5, ¶ 1, and page 8, ¶12). In
18 *Bush v. Cao* (507-CV-04460-JF), plaintiff alleged that the Sunnyvale Department of Public Safety
19 defamed him and invaded his privacy by, among other things, revealing his HIV status. (Request for
20 Judicial Notice, Exh. 3, page 5, lines 18-21; see also page 9, lines 15-22, and page 11, lines 17-21)
21 Similarly, in *Bush v. Pinto et. al.* (507-CV-04241-JF, plaintiff alleged that the Sunnyvale Department
22 of Public Safety disclosed "confidential information" regarding plaintiff's "alleged disabilities"
23 (Request for Judicial Notice, Exh. 2, page 7, lines 2-4) and made "slanderous and defamatory
24 statements" about him (*id.,* page 10, lines 3-7).

25

-4-

_____
MOTION FOR DISMISSAL, etc.                                            C 08-03456 RS

Although plaintiff has attempted to plead his latest case in somewhat different terms, all his claims arise out of the same event or series of events. Plaintiff's failure to diligently prosecute his prior actions does not entitle him to continue to litigate his claims in successive, duplicative lawsuits. Therefore, the complaint should be dismissed.

**B.**

**ADDITIONAL GROUNDS FOR DISMISSAL
OF PLAINTIFF'S FEDERAL CAUSE OF ACTION**

**1.    Plaintiff's section 1983 claim is barred by the statute of limitations.**

The incident giving rise to this claim occurred on March 31, 2006 (see Exhibit A to the complaint). Plaintiff's complaint was filed on July 14, 2008. The court may consider documents attached to the complaint for purposes of a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1541, 1555 (9th Cir. 1989). Section 1983 claims are subject to the applicable state cause of action for personal injury, which in California is two years. See *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004); Cal. Code Civ. Proc. § 335.1. Here, it appears that plaintiff's section 1983 action is time-barred, and plaintiff has not alleged any facts that would support a finding that the statute of limitations was tolled. When a statute of limitations defense shows on the face of the complaint, the burden of alleging facts which would extend the statute falls on the plaintiff. *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 120 (9th Cir. 1980.

**2.    Plaintiff has not alleged sufficient facts to support a section 1983 cause of action based on an invasion of privacy.**

The complaint appears to allege a violation of an interest in "informational privacy," i.e., an interest in avoiding disclosure of sensitive personal information. See, e.g., *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999). The Ninth Circuit recognizes that "indiscriminate disclosure" of certain personal information may implicate the constitutional right to privacy. *Id.* The right to "informational privacy," however, is a "conditional right which may be infringed upon a showing of

-5-

MOTION FOR DISMISSAL, etc.                                                                                    C 08-03456 RS

proper governmental interest." *Id.* at 959. The factors which courts consider in deciding whether an intrusion into an individual's privacy is justified include the type of information requested, the potential for harm in any subsequent nonconsensual disclosure, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Id.*

Here, plaintiff alleges that the Officer Klein should not have put a reference to his HIV status in the police report. Police reports are not public records under California law, and are potentially discloseable only to a limited category of persons with a need to know, such as the victims of a crime. (Cal. Gov. Code § 6254(f).) Obtaining the information and including it in a police report is justified by a legitimate law enforcement purpose and cannot give rise to a constitutional invasion of privacy claim. For example, in *Roe v. Sherry,* 91 F.3d 1270, 1274 (9th Cir. 1996), the court held that seizure of the plaintiff's HIV test results was proper, and not an invasion of privacy, where it furthered the investigation of a crime and the information was only disclosed to people directly involved in the investigation or prosecution.

Similarly here, it appears from the police report that Officer Klein asked plaintiff if he was taking any medications in order to assess whether or not plaintiff was intoxicated by an illegal substance or simply suffering the side effects of legal medication. Plaintiff apparently volunteered the information that he was taking medication for HIV. Because this information could potentially exonerate plaintiff from the charge of intoxication, as a matter of law it does not appear that Officer Klein did anything wrong by including the information in the report. There is no allegation that the report itself was wrongfully released.

Plaintiff further alleges that Officer Klein "orally" disclosed his HIV status to unspecified "neighbors and the neighborhood management." (Complaint, pp. 4-5, ¶ 8) However, plaintiff fails to identify any of the persons whom he alleges obtained the information from Officer Klein. Plaintiff includes excerpts of what appear to transcripts of conversations with unidentified individuals named

-6-

"Williams" and "Kathy Bickel" (Complaint, pages 5-8), but he does not allege that that either of these two individuals obtained the information from Officer Klein. It appears that plaintiff himself read portions of the police report to Kathy Bickel. The statement by "Williams" only indicates that Williams was aware of plaintiff's medical condition, not that he learned about it from the defendants.

In this respect, plaintiff's allegations are vague and ambiguous. It is unclear who, exactly, plaintiff believes obtained the information and how plaintiff learned of the alleged disclosures and under what circumstances. As a result, it is impossible for the defendants to understand the claims being made and the facts alleged in support of such allegations, much less frame a responsive pleading.

### 3. Injury to reputation alone is not actionable under section 1983.

To the extent plaintiff claims the statement in the report about his medical condition was untrue (i.e., if he claims he did not tell Officer Klein that he was taking medication for HIV), then presumably the basis of his section 1983 claim is not invasion of privacy, but defamation. The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law." In *Paul v. Davis,* 424 U.S. 693, 703, 96 S.Ct. 1155, 1161 (1976), the Supreme Court held that injury to reputation alone is not actionable under 42 U.S.C. § 1983, because reputation itself is not a protected interest in liberty or property. Under what has become known as the "stigma-plus" test, the plaintiff must allege that the injury to reputation occurred *in conjunction with* a loss of a recognizable liberty or property interest, such as loss of a job as a result of a wrongful arrest. *Hart v. Parks,* 450 F.3d 1059, 1069-1070 (9th Cir. 2006); *Cooper v. Dupnik,* 924 F.2d 1520, 1532 (9th Cir. 1991); *Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773, 777-778 (9th Cir. 1982).

Here, plaintiff merely alleges that he suffered mental anguish and other general damage. Even if the statement in the police report was false (which, again, plaintiff does not specifically allege, although he says it was "inaccurate"), this fact in itself would be insufficient to state a claim for injury to reputation under section 1983.

-7-

**4.   Defendants' alleged actions do not "shock the conscience" for purposes of Fourteenth Amendment analysis.**

"[T]he touchstone of due process is protection of the individual against arbitrary action of government." (*Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). The Supreme Court has emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense" and "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 849 (1988). Here, Officer Klein's conduct – asking plaintiff standard field sobriety questions and including plaintiff's responses in the police report – simply does not rise to the level of a due process violation under the Fourteenth Amendment. Again, if plaintiff has additional facts which would establish an "egregious" violation of his right to privacy by Officer Klein, those facts should be pled in the complaint.

**5.   Officer Klein is entitled to qualified immunity.**

Analysis of the qualified immunity defense in a suit under section 1983 follows the two-step framework of *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, (2001), asking first whether the officer's conduct violated a federal right and, second, whether the right was clearly established at the time. See *Blankenhorn v. City of Orange*, 485 F.3d 463, 470. Here, as discussed above, based on the allegations of the complaint, plaintiff's constitutional rights were not violated. But in addition, based on the facts pled in the complaint, Officer Klein is entitled to qualified immunity because a reasonable officer would not have known that quoting a statement by plaintiff concerning his medical condition, in connection with a field sobriety test, would be a constitutional violation. On the contrary, the information was highly relevant to Officer Klein's criminal investigation, i.e., whether plaintiff was under the influence of an illegal substance. See *Roe, supra,* 91 F.3d at 1274.

-8-

MOTION FOR DISMISSAL, etc.                                                                                          C 08-03456 RS

**6. Plaintiff does not allege the existence of an unconstitutional policy or custom.**

It is well-established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* basis." *Monell v. Dep't of Social Services,* 436 S.Ct. 658, 691, 98 S.Ct. 2018 (1978). Municipal liability must be based on an official policy or custom. (*Id.* at 694.) Here, plaintiff does not allege the existence of any official policy or custom pursuant to which Officer Klein violated his civil rights.

C.

**ADDITIONAL GROUNDS FOR DISMISSAL OF
PLAINTIFF'S STATE CAUSES OF ACTION**

**1. Plaintiff has not alleged compliance with the Government Claims Act.**

California Government Code § 905 requires that "all claims for money or damages against local public entities" be presented to the responsible public entity before a lawsuit is filed. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within one year. Gov. Code § 911.2. Failure to present a timely claim bars suit against the public entity. Gov. Code § 945.4; *City of Stockton v. Superior Court*, 42 Cal.4th 730, 734 (2008). Plaintiff does not allege that he complied with the requirements of the Government Claims Act. If he did not, his state law causes of action are barred.

**2. The statute of limitations has expired.**

Even assuming that plaintiff was excused from compliance with the Government Claims Act, the statute of limitations for personal injury causes of action in California is two years. Cal. Code Civ. Proc. § 335.1. As already noted, plaintiff's complaint was filed more than two years after the incident giving rise to the claim.

**3. The California Information Practices Act does not apply to cities.**

Much of plaintiff's complaint is dedicated to his allegation that defendants violated the California Information Practices Act (Civil Code § 1798 *et. seq*). However, the Information Practices

-9-

Act applies only to state agencies. Local agencies such as cities are expressly exempt pursuant to Civil Code § 1798.3(b)(4). Therefore, plaintiff cannot state a cause of action under this statute.

**4.    Any state law causes of action for defamation and/or invasion of privacy is barred by California Government Code § 821.6 (prosecutorial immunity).**

California Government Code § 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." This section immunizes "not only the act of filing or prosecuting a judicial or administrative complaint, but also extends to actions taken in preparation for such formal proceedings". The immunity covers conduct by police that harms the reputation of the accused, such as press releases and news briefings. *Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1048. Here, all of the conduct alleged in plaintiff's complaint appears to have occurred within the context of a criminal investigation, and therefore falls within the scope of the immunity granted by Government Code § 821.6.

**5.    Plaintiff has not pled sufficient facts to state a claim for invasion of privacy under the California Constitution.**

The elements of a cause of action for invasion of privacy under the California Constitution, Article I, Section 1, are "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. National Collegiate Athletic Assn.,* 7 Cal.4th 1, 39-40 (1994). Although disclosure of medical information may certainly implicate the right to privacy, plaintiff's complaint insufficiently alleges that he had a reasonable expectation of privacy in medical information that he voluntarily revealed to a police officer who was conducting a field sobriety test.

-10-

MOTION FOR DISMISSAL, etc.                                                                                              C 08-03456 RS

In addition, for reasons previously discussed in connection with plaintiff's section 1983 action, he fails to allege facts sufficient to establish that a serious invasion of privacy occurred. Including information in a police report (a non-public record) that is highly relevant to the criminal charges, and could even potentially exonerate the accused cannot, as a matter of law, constitute an invasion of privacy. Once again, plaintiff needs to plead additional facts (if he has any) supporting his claim that Officer Klein improperly revealed the information to "neighbors and neighborhood management."

### D.

### THE COMPLAINT SHOULD BE DISMISSED OR QUASHED FOR DEFECTIVE SERVICE OF PROCESS

California Code of Civil Procedure § 414.10 and Federal Rule of Civil Procedure 4(c)(2) both provide that a summons must be served by a person at least 18 years of age who is not a party to the action. Plaintiff's attempt to effectuate service by personally delivering the summons to the Sunnyvale Department of Public Safety (see Declaration of Marie Chia in Support of Motion for Dismissal) was not a proper method of serving the complaint and therefore subjects the complaint to dismissal under Rule 12(b)(5). In the alternative, service should be quashed and plaintiff should be required to effectuate proper service. Neither actual notice of the complaint, nor simply naming the person in the caption of the complaint, subjects a defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).

### III.

### CONCLUSION

Based on the information, allegations, and motions set forth above, defendants respectfully request that: (1) plaintiff's case be dismissed, with prejudice, as to all defendants, for failure to state a

-11-

MOTION FOR DISMISSAL, etc.                                                                                              C 08-03456 RS

1  claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) in the
2  alternative, that plaintiff be required to present a more definite statement pursuant to Rule 12(e)
3  within ten (10) days of the notice, and (3), in the alternative, that the complaint be dismissed or
4  quashed for improper service under Rule 12(b)(5).

Dated: July 31, 2008                        CITY OF SUNNYVALE


By: _____/S/_____
    Rebecca L. Moon
    Assistant City Attorney
    Attorneys for Defendants
    CITY OF SUNNYVALE and
    DEVON KLEIN

-12-
_____
MOTION FOR DISMISSAL, etc.                                    C 08-03456 RS

**PROOF OF SERVICE BY MAIL**
*James Alan Bush v. James Anton, et. al.*
Case No.:  C 08-03456 RS

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086.  I am over the age of 18 years and not a party to this action.

On July 31, 2008, I served the following document(s) described as:

**MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]**

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
1211 East Santa Clara Ave. #4
San Jose, CA 95116

[x]  (U.S. MAIL)  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[]  [FACSIMILE]   By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ]  [OVERNIGHT DELIVERY]  By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ]  [HAND DELIVERED]   By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certificate of Service is true and correct.  Executed on July 31, 2008, at Sunnyvale,  CA.

__/s/_____
SAM ROBERTS

-13-

MOTION FOR DISMISSAL, etc.                                                                                 C 08-03456 RS