DAVID E. KAHN, City Attorney (98128)
KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
REBECCA L. MOON, Assistant City Attorney (167981)
ROBERT L. BOCO, Assistant City Attorney (197032)
CITY OF SUNNYVALE
OFFICE OF THE CITY ATTORNEY
456 West Olive Ave.
Sunnyvale, CA 94086
(408) 730-7464 (voice)
(408) 730-7468 (fax)

Attorneys for Defendants
DEVON KLEIN and SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>        Plaintiff,<br><br>    vs.<br><br>DEVON KLEIN, SUNNYVALE<br>DEPARTMENT OF PUBLIC SAFETY,<br><br>        Defendants. | Case No.:  C 08-03456 RS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]**<br><br>Date:   September 10, 2008<br>Time:  9:30 a.m.<br>Dept.: 4<br>Hon. Richard Seeborg |

Defendants respectfully request that the Court take judicial notice of the following

pleadings and papers on file in this court:

| Exhibit | Description |
|---|---|
| 1. | Complaint, *Bush v. Sunnyvale Police Dept., et. al.,* 507-CV-00831-JF |
| 2. | Complaint, *Bush v. Pinto et. al.,* 507-CV-04241-JF |

3.        Complaint, *Bush v. Cao et. al.,* 507-CV-04460-JF

4.        Order to Show Cause re Dismissal, *Bush v. Sunnyvale Police Dept., et. al.,* 507-CV-00831-JF

5.        Order of Dismissal in *Bush v. Sunnyvale Police Dept., et. al.,* 507-CV-00831-JF and related cases including *Bush v. Pinto et. al.,* 507-CV-04241-JF, and *Bush v. Cao et. al.,* 507-CV-04460-JF

Official court files and records are a proper subject of judicial notice.  Fed. R. Evid. 201; *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001).

Dated: July 31, 2008                              CITY OF SUNNYVALE

                                                        By: _____
                                                              Rebecca L. Moon
                                                              Assistant City Attorney
                                                              Attorneys for Defendants
                                                              CITY OF SUNNYVALE and
                                                              DEVON KLEIN

-2-

**PROOF OF SERVICE BY MAIL**
*James Alan Bush v. James Anton, et. al.*
**Case No.:  C 08-03456 RS**

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086.  I am over the age of 18 years and not a party to this action.

On July 31, 2008, I served the following document(s) described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]**

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
1211 East Santa Clara Ave. #4
San Jose, CA 95116

[x]    (U.S. MAIL)  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[]    [FACSIMILE]  By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ]    [OVERNIGHT DELIVERY]  By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ]    [HAND DELIVERED]  By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certificate of Service is true and correct.  Executed on July 31, 2008, at Sunnyvale, CA.

SAM ROBERTS

-3-

Sep 06 2006 8:49AM   HP LASERJET FAX                                    P.3

1  |  **JAMES BUSH**
2  |  1220 Tasman Dr., #379  1471 McDaniel Ave
   |  Sunnyvale, CA 94089    San Jose, CA 95126
3  |  (408) 857-9721         (408) 661-0603

4  |  Plaintiff in pro per.

   #5
   I PP
   NP

                                                    FILED
                                        2007 FEB -9 A 9:27
                                        RICHARD W. WIEKING
                                        CLERK
                                        U.S. DISTRICT COURT
                                        NO. DIST. OF CA. S.J.

                    ADR

10 |              **UNITED STATES DISTRICT COURT**

11 |              **NORTHERN DISTRICT OF CALIFORNIA**

12 |  JAMES BUSH,                    )  CASE NO.  **C07  00831  RS**
   |                                 )
13 |              Plaintiff,         )  COMPLAINT FOR DECLARATORY
   |                                 )  RELIEF, INJUNCTIVE RELIEF,
14 |  vs.                            )  NEGLIGENCE, FRAUD AND
   |                                 )  EMOTIONAL DISTRESS
15 |                                 )
16 |  SUNNYVALE POLICE DEPARTMENT FOR )
   |  THE COUNTY OF SANTA CLARA,      )
17 |  BRANDENBURG, STAEDLER & MOORE OF)
   |  MOBILHOME OF AMERICA, ADOBE     )
18 |  WELLS PARK, ORIGEN FINANCIAL AND)
   |  DOES 1 THROUGH 100, Inclusive   )
19 |                                 )
   |              Defendants.        )
20 |  _____ )

21 |      Plaintiff alleges:

22 |

23 |                              I

24 |      Defendants, SUNNYVALE POLICE DEPARTMENT FOR THE COUNTY OF

25 |  SANTA CLARA, are conducting business in the County of Santa Clara,

26 |  and their principal place of business is situated in the City of

27 |  Sunnyvale, County of Santa Clara, California.

28 |

                                                                    Exh. 1

## II

Defendants, Brandenburg, Staedler & Moore of Mobilhome of America are conducting business in the Santa Clara County and their place of business is situated in the County of Santa Clara. The business entity is unknown to plaintiff.

## III

Defendants, Adobe Wells Park, is conducting business in the Santa Clara County and their place of business is situated in the County of Santa Clara. The business entity is unknown to plaintiff.

## IV

Defendants, ORIGIN FINANCIAL, is conducting business in the Santa Clara County and their place of business is situated in the County of Santa Clara. The business entity is unknown to plaintiff.

*WRONG; THEY ARE IN TEXAS*

## V

That plaintiff does not know of the true names and capacities of other defendants sued herein as Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

*yes I do!*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMPLAINT FOR DECLARATORY RELIEF

### VI

FIRST CAUSE OF ACTION

(Declaratory Relief)

1. On March 31, 2006, several gang members attempted to break into plaintiff's residence. The plaintiff immediately telephoned the defendants, Sunnyvale Police Department to secure his safety and well being. The defendants arrived shortly and to plaintiffs surprise he was arrested on a count that lacked no merit or basis for the defendants unjustly actions.

2. On or about May 30, 2006, plaintiff heard noises from outside his home and discovered his friend had been handcuffed by defendants. Remarks were made to plaintiff by the defendants which plaintiff's civil rights had been violated based on the defendants accusations and vicious actions and conduct toward the plaintiff.

3. On June 9, 2006, the plaintiff telephoned the defendants, Sunnyvale Police Department, and reported his car had been stolen. The defendants failed to document the plaintiff's vehicle stolen from plaintiff's property, and commonly known as, 1220 Tasman Dr., #379, Sunnyvale, CA 94089.

4. On June 12, 2006, the defendants arrived at plaintiffs home claiming plaintiffs car had been found and acknowledged the car was stolen, which defendants

stated to plaintiff earlier on June 9th that plaintiffs car was not stolen. The defendants intimidated plaintiff by taking a search in his home and stated that when they found plaintiff's car there was a stolen computer found in plaintiff's car. The defendants began questioning plaintiff's whereabouts on June 11, 2006, and making false accusations towards plaintiff.

5.   On or about June 15, 2006, plaintiff contacted named defendants, Adobe Wells and Origin Financial with respect to the sale of his property and defendants have failed to honor their contractual agreement based on the outcome of defendants, Sunnyvale Police Department malicious tactics and unprofessional conduct by slanderous and libel findings against plaintiff.

The defendants have no authority or evidentiary facts to support their claims against plaintiff.

6.   The acts of the defendants for which they did, voluntarily, intentionally and maliciously, and acting in conspiracy with one another or individually by their own will, caused plaintiff to suffer a financial hardship and defendants have violated the plaintiff's civil and constitutional rights as a citizen for the County of Santa Clara, State of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VII

SECOND CAUSE OF ACTION

(Injunctive Relief)

7.    That the series of events which were narrated on the first cause of action, and which are hereby adopted and made part of this fourth cause of action.

8.    On March 31, 2006, to plaintiff's surprise by defendants' actions, the defendants arrested plaintiff for a crime the plaintiff did not commit.

9.    On or about June 1, 2006, the defendants have put the plaintiff in financial jeopardy by failing to show his property to potential buyers and have breached their agreement by their failure of not acting upon their duty and obligations to plaintiff. This has resulted recently in plaintiff's name and reputation being damaged professionally and personally with business relationships developed between the plaintiff and defendants.

10.   That the defendants', by their conduct and manner, who were acting in their individual capacity or in conspiracy, which constitutes a cause of action of defendants' negligent and fraudulent actions held against the plaintiff, justifies that defendants lack merit as to their actions accountable to the plaintiff.

VIII

THIRD CAUSE OF ACTION

(Negligence)

11.   That the series of events which were narrated on the first cause of action, second cause of action and third cause of action and which are hereby adopted and made part of this third cause of action.

12.   On or about March 31, 2006, defendants' were negligent in arresting and making false accusations against the plaintiff. This resulted in unnecessary detainment against the plaintiff's own will and no merit or evidence for the defendants negligent actions caused to plaintiff.

13.   That plaintiff as a result of the series of events as stated and narrated in the first cause of action, second cause of action which were adopted and made part of this third cause of action, constitute a cause of action by defendants' negligence.

IX

FOURTH CAUSE OF ACTION

(Emotional Distress)

14.   That the series of events which were narrated on the first cause of action, second cause of action and third cause of action, and which are hereby adopted and made part of this fourth cause of action.

15.   That the defendants, by their conduct and manner, who were acting in their individual capacity or in conspiracy with one another, constitute an extreme and outrageous conduct that

1  transcends the bonds of decency with no purpose but to cause
2  and/or recklessly to cause plaintiff to suffer severe emotional
3  distress.
4     16.  That plaintiff as a result of the series of events as
5  stated and narrated in the first cause of action, second cause of
6  action and third cause of action which were adopted and made part
7  of this fourth cause of action did in fact suffer emotional
8  distress which were the result of defendants' acts.
9
10
11     WHEREFORE, premises considered, plaintiff prays of this
12  Honorable Court for judgment:
13
14     1.  Ordering defendants, to pay plaintiff damages and
15  actual loss as may be proven during the trial and which can be
16  conservatively be estimated to be in the amount of $2,500,000.00;
17     2.  The costs of having to be forced to initiate this
18  action to vindicate plaintiff's violated right; and
19     3.  For such further relief as the court may deem just,
20  proper and equitable, in the interest of justice.
21
22                                        For the Plaintiff:
23
24  DATE:  2/9/07
25                                        By:
26                                        JAMES BUSH,
                                          Appearing as Plaintiff in
27                                        pro per.
28

1

James Alan Bush
3859 De La Cruz Boulevard
Santa Clara, CA 95054
(317) 489-9262

2

3

Plaintiff and Attorney in pro per

4

5

SUPERIOR COURT OF CALIFORNIA

6

COUNTY OF SANTA CLARA

7

SAN JOSE DIVISION

8

9

James Alan Bush

CASE NO.: 1 0 7 C V 0 8 9 5 6 0

Plaintiff

COMPLAINT

10

v.

11

DEMAND FOR A JURY TRIAL

Kenneth Pinto, Allen Speare, Kathy
Bickel, Michael Wellborn, Sunnyvale
Department of Public Safety, Santa
Clara County: District Attorney,
Gregory Paul Herlihy, Augustine
Willard NewMoon, Guadalupe "Lupe"
Rocha, Santa Clara County Main Jail,
Wells Fargo, and Does 1 to 100

12

13

CIVIL CONSPIRACY, NEGLIGENT
REPRESENTATION/LEGAL MALPRACTICE,
INTENTIONAL INTERFERENCE WITH ATTORNEY-
CLIENT RELATIONSHIP, DESTRUCTION OF
EVIDENCE, UNLAWFUL INTERCEPTION,
DISCLOSURE, OR USE OF COMMUNICATION BY A
NONGOVERNMENTAL DEFENDANT, SPOLIATION OF
EVIDENCE, PROSECUTORIAL MISCONDUCT,
CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL
RIGHTS

14

15

16

Defendants

17

18

Judge: _____

19

20

PARTIES

21

1.   Plaintiff is an individual residing at 3859 De La Cruz Boulevard, City

of Santa Clara, County of  Santa Clara, State of California.

22

23

2.   Defendant, Kenneth Pinto,  has been practicing law in the State of

California (Bar Number 221422) since December 2002, and conducts

24

25

business at 12 South 1st Street #713, City of San Jose, County of Santa

Clara, State of California.

26

27

3.   Defendant, Allen Speare,  has been practicing law in the State of

California (Bar Number 112108) since December 2002, and conducts

28

business as The Law Office of Allen C. Speare at 111 North Market

-1-

13.    All other defendants as named on the first page of this complaint, all

residing or conducting business in the City of Sunnyvale, Santa Clara

or San Jose, County of Santa Clara, State of California.

JURISDICTION

This court has jurisdiction over this complaint because several of the

complaints arise under the Constitution and law of the United States.

VENUE

Venue is appropriate in this court because the majority of defendant's

reside in this district, and a substantial amount of the acts and omissions

giving rise to this lawsuit occurred in this district.

INTRADISTRICT ASSIGNMENT

This lawsuit should be assigned to the San Jose Division of this Court

because a substantial part of the events or omissions which give rise to this

lawsuit occurred in Santa Clara County.

FACTS

Under California law:

☐  a person is guilty of conspiracy with another person or persons to commit

a crime if the person agrees with such other person or persons that they

or one or more of them will engage in conduct that constitutes a crime or

an attempt or solicitation to commit a crime, or if the person agrees to

aid such other person or persons in the planning or commission of such

crime or of an attempt or solicitation to commit such crime.

☐  a person is guilty of bribery, a felony of the third degree, if he or she

offers, confers, or agrees to confer upon another any pecuniary benefit

1   as consideration for he decision, opinion, recommendation, vote, or other

2   exercise of discretion as a public servant by the recipient.

3   ☐ a person is guilt of bribery, a felony of the third degree, if he or she

4   offers, confers, or agrees to confer upon another any benefit as

5   consideration for a violation of a known legal duty as a public servant.

6   ☐ a person commits an offense if he applies or dispose of property that has

7   been entrusted to him or her as a fiduciary or property of a financial

8   institution in a manner that he or she knows is unlawful and involves

9   substantial risk of loss or detriment to the owner of the property or to

10   a person for whose benefit the property was entrusted.

11   In any case of conspiracy set forth pursuant to 42 U.S.C. § 1985, if one of

12   more persons engaged therein do, or cause to be done, any act in furtherance of

13   the object of such conspiracy, whereby another is injured in his person or

14   property, i.e., defamation, or deprived of having and exercising any right or

15   privilege of a citizen of the United States, i.e., the right to vote, the party

16   so injured or deprived may have an action for the recovery of damages

17   occasioned by such injury or deprivation, against any one or more of the

18   conspirators.

19

20                    COUNT I. CIVIL CONSPIRACY

21   Between June, 2006 and September, 2006, Defendants, Kenneth Pinto and the

22   Sunnyvale Department of Public Safety, entered into an agreement to commit

23   wrongful acts upon Plaintiff and that the agreement between the Defendants was

24   clearly implied by the conduct of both parties.

25   Defendant, Sunnyvale Department of Public Safety, carried out the agreement

26   within the actual or ostensible authority of its agent and their actions were

27   carried out in and during the course of the employment by its' officers.

28

-4-

The result of the agreement between the Defendants denied Plaintiff effective assistance of counsel guaranteed through the Sixth Amendment to the United States Constitution, which is applied to the States through the Fourteenth Amendment, and, therefore, deprived Plaintiff of a fair trial.

## COUNT II. NEGLIGENT REPRESENTATION

Defendants, Kenneth Pinto and Allen Speare, failed to adequately advise and represent Plaintiff; specifically, by refusing to:

- interview witnesses;
- investigate facts surrounding the incident in question;
- explore possible defense strategies with Plaintiff; and,
- provide complete and untainted evidence; specifically, an unaltered and complete copy of the police report and other omitted documents.

Defendants, Kenneth Pinto and Allen Spear, willfully provided inadequate legal representation to Plaintiff based on the reckless, malicious, and unsubstantiated falsehoods made by Defendant, Sunnyvale Department of Public Safety, alleged in Count II of this complaint.

Defendant, Kenneth Pinto, advised Plaintiff that if he did not accept the offered plea bargain, the Plaintiff would be convicted of 21 counts of possession of stolen mail; he then warned the Plaintiff of the consequences of failing to heed his advice by stating, "you wouldn't last an hour in prison."

Defendant, Allen Spear, failed to notify Plaintiff of all plea bargain options offered by the Palo Alto Office of the District Attorney; rather, the defendant presented only one option to Plaintiff.

COUNT III. SPOILATION OF EVIDENCE

Defendants, Kenneth Pinto and Allen Speare, committed intentional acts of spoliation of evidence related to the case for which they represented the Plaintiff, and did, in fact, disrupt the plaintiff's case.

Defendants, Kenneth Pinto and Allen Spear, in their capacity as legal counsel for Plaintiff, had a reasonable duty of care to protect and maintain the integrity of all evidence submitted by the Santa Clara County: District Attorney, Defendants, Sunnyvale Department of Public Safety and Wells Fargo; the defendants failed in their duty and, as a result, Plaintiff's case was prejudiced.

The evidence was spoiled in the following ways:

- The signature for the Sunnyvale Public Safety Officer who took the plaintiff's Miranda Admonishment was replaced with the signature for the Plaintiff's mother (Kathy Bush);

- The signature for Plaintiff was replaced with an electronically signed copy from a credit card receipt belonging to Plaintiff;

- Defendants, Kenneth Pinto and Allen Speare, Sunnyvale Department of Public Safety, or Pal Alto Office of the District Attorney, failed to deliver to the plaintiff the supplemental report written by Officer Zitney.

- Defendant, Sunnyvale Department of Public Safety, lost evidence submitted to them by Plaintiff; specifically, a DVD containing an audio recording relevant to the Plaintiff's defense.


COUNT IV. PROSECUTORIAL MISCONDUCT

Defendants, Sunnyvale Department of Public Safety and Santa Clara County: District Attorney, disclosed and discussed confidential information regarding Plaintiff's case with non-party, California attorney Holden Green aka Matt

1  White (Bar Number #209383), whereas it was clear to the defendants that Mr.
2  Green was not a legal party to the Plaintiff's case. The confidential
3  information, which includes Plaintiff's alleged disabilities, unlawfully
4  disclosed to non-parties will be itemized in an amended complaint; a transcript
5  of a conversation between Plaintiff and Mr. Green will be attached.

6

7                        COUNT V. LEGAL MALPRACTICE

8      Defendants, Kenneth Pinto and Allen Speare, violated an attorney-client
9  confidentiality clause in the contract with the Plaintiff by unlawfully
10 disclosing facts material to Plaintiff's case to Defendants, Sunnyvale
11 Department of Public Safety and Kathy Bickel and Long Cao, and third-party
12 witnesses, Opal Schmedel and Does 1 to 100.

13     Defendant, Kenneth Pinto, advised Plaintiff that he wanted to terminate the
14 attorney-client relationship and, if Plaintiff, refused, he would intentionally
15 deny Plaintiff adequate representation; specifically, the defendant asserted in
16 three, consecutive phone calls, "I do not like you. I do not want to know you.
17 I do not want to work for you. I will do a bad job for you."

18     Defendant, Allen Speare, failed to notify Plaintiff of the 60-day appeals
19 process filing expiry.

20     Plaintiff made multiple requests, by phone and in-person, to the defendant
21 to inform him of his right to appeal; Speare refused or neglected to respond to
22 Plaintiff's request and was therefore denied rights governed by the California
23 and United States Constitutions.

24     Plaintiff missed the 60-day appeals expiry and, as a result, was injured by
25 the defendant's omission.

26

27

28

1   Defendant, Guadulupe "Lupe" Rocha, was a first-hand participant or an active

2   and willing third-party in some or all of the aforementioned complaints, by

3   merit of his familiarity with Defendants, Gregory Paul Herlihy and Augustine

4   Willard NewMoon, and his familiarity with Plaintiff, which the Plaintiff did

5   not share.

6       Plaintiff is entitled to relief for the Defendant's tortious intrusion upon

7   the Plaintiff's seclusion; specifically, for violations of 18 USC §25111(1)(c)

8   and (d) under 18 USC §2520.

9

10      COUNT VII. INTENTIONAL INTERFERENCE WITH ATTORNEY-CLIENT RELATIONSHIP

11      Defendant, Sunnyvale Department of Public Safety, unlawfully influenced,

12  coerced, and/or persuaded Defendant, Kenneth Pinto, into unlawfully providing

13  information privileged by the attorney-client relationship with the Plaintiff.

14      Defendant, Kathy Bickel, Augustine Willard NewMoon and Michael Wellborn,

15  intentionally interfered with the attorney-client relationship between

16  Defendant, Kenneth Pinto, and Plaintiff, and engaged in interfering conduct

17  with malice toward Plaintiff with a desire to injure Plaintiff's rights;

18  specifically:

19      ☐   Defendant, Kathy Bickel, disclosed Plaintiff's medical, legal and

20          other personal information to negatively and unduly influence attorney

21          conduct and performance;

22      ☐   Defendants, Augustine Willard NewMoon, Gregory Paul Herlihy, and

23          Guadulupe Rocha, impersonated the voice of Plaintiff to intercept the

24          exchange of privileged and confidential attorney-client information;

25          to damage the attorney-client relationship by misinforming and

26          misleading Plaintiff with respect to material facts of case; and, to

27          sever communication between attorney and client (Plaintiff)

28          altogether, which prejudiced Plaintiff's case, hindered his ability to

1  participate in his defense and, as a result, diminished his ability to

2  make informed decisions in his case;

3  ☐ Defendants, Sunnyvale Department of Public Safety, made defamatory and

4  slanderous statements about the Plaintiff and portrayed him in a false

5  light with malice and wanton disregard of his rights with the intent

6  of persuading Defendant, Kenneth Pinto, to deny adequate legal

7  representation for the Plaintiff. Remedy for False Light Invasion of

8  Privacy is being sought against Defendants Sunnyvale Department of

9  Public Safety and the Santa Clara County Office of the Sheriff, in

10  Superior Court of California, County of Santa Clara, San Jose

11  Division, Department 8, Case #107CV087923.

12  The conduct of Defendants, Sunnyvale Department of Public Safety, Kathy

13  Bickel, and Augustine NewMoon, Gregory Paul Herlihy, Guadulupe Rocha, was

14  improper, unlawful and unfair, in that it prevented effective communication and

15  interpersonal relations between the Plaintiff and Defendants, Kenneth Pinto and

16  Allen Spear, which ultimately resulted in deficient representation and, in the

17  case of defendant, Kenneth Pinto, the severance of the attorney-client

18  relationship.

19

20  COUNT VIII. DESTRUCTION OF EVIDENCE

21  Defendants, Wells Fargo and Santa Clara County Main Jail, willfully,

22  negligently or maliciously, intentionally and knowingly destroyed evidence

23  material to the Plaintiff's defense; specifically:

24  ◦ Defendant, Wells Fargo, negligently disposed of video footage of

25  Plaintiff's interaction with teller;

26  ◦ Defendant, Santa Clara County Main Jail, maliciously disposed of

27  surveillance footage of booking area at the time of Plaintiff's pre-

28  booking on April 22nd, 2006; and,

1    Defendant, Santa Clara County Main Jail, maliciously disposed of

2    copies of a recorded phone conversation, made from the facility by

3    inmate, Paul Roger Casey.

4   Plaintiff asserts that Defendant, Wells Fargo, had a duty to maintain copies

5 of the above-described evidence and that it was reasonable to assume that said

6 evidence was material to Plaintiff's defense.

7   Based on the demonstrated continuity of purpose of malice towards Plaintiff

8 by Defendant, Santa Clara County Main Jail, Plaintiff claims that the defendant

9 willfully and maliciously concealed or destroyed video and audio recordings

10 requested by the Plaintiff. Plaintiff also asserts that the defendant was

11 obliged to make a reasonable assumption that the requested evidence be

12 preserved and delivered upon demand, as the evidence was clearly material to

13 the Plaintiff's defense.

14

15        COUNT IX. CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

16   All defendants named in this complaint acted in a manner, positively and

17 tacitly, and reached a mutual understanding to try to accomplish a common and

18 unlawful plan to deprive the Plaintiff of freedom and to irreparably damage his

19 social and occupational reputation.

20 ACCORDINGLY, Plaintiff demands a trial by jury and judgment from the Court as

21 follows:

22    □ Find in favor of Plaintiff against defendants and award compensatory

23      damages in excess of (amount) and punitive damages.

24    □ Order defendants' to pay an award of attorneys' fees and costs to

25      Plaintiff pursuant to 42 U.S.C. §988(b).

26    □ Order any other relief deemed reasonable and appropriate by the Court.

27

28 Dated: _____    Signed: _____

1    James Alan Bush
     3859 De La Cruz Boulevard
2    Santa Clara, CA 95054
     (317) 489-9262
3

     Plaintiff and Attorney in pro per
4

5

6                   **UNITED STATES DISTRICT COURT**

7                   **NORTHERN DISTRICT OF CALIFORNIA**

8                     **SAN JOSE DIVISION**

9

10

11   James Alan Bush             ) CASE NO.: _____
                                  )
12   Plaintiff                ) COMPLAINT
                                  )
13      v.                ) DEMAND FOR A JURY TRIAL
                                  )
14   Long Cao aka Kevin Cao, Kathy Bickel,  ) CIVIL CONSPIRACY, UNLAWFUL
     Sunnyvale Department of Public       ) INTERCEPTION, DISCLOSURE, OR USE OF
15   Safety, Sheriff's Office of Santa   ) COMMUNICATION BY A NONGOVERNMENTAL
     Clara County, Opal Schmedel, Jonathan ) DEFENDANT, ABUSE OF PROCESS, STALKING
16   Paul Harrington, Daniel Anthony     ) AND HARASSMENT, TORTIOUS INTERFERENCE
     Napolitan, Robert Bradford, Gregory  ) WITH BUSINESS RELATIONSHIP AND
17   Paul Herlihy, Augustine Willard    ) CONTRACT, FRAUDULENT
     NewMoon, Adobe Wells, Dale Ferguson,  ) MISREPRESENTATION AND CONCEALMENT,
18   Connie Ferguson, Origen Financial,   ) CONSPIRACY TO VIOLATE PLAINTIFF'S
     Robert Robledo, Suzie Doe 1, Todd Su, ) CIVIL RIGHTS
19   Advantage Homes, Sylvana Healy and   )
     Steve Doe 2, Richard Davis Schreiber, )
20   Alpert & Barr, and Does 3 to 100    )
                                    )
21   Defendants              ) Judge: _____

22

23                           **PARTIES**

24   1.    Plaintiff is an individual residing at 3859 De La Cruz Boulevard, City

25        of Santa Clara, County of Santa Clara, State of California.

26   2.    Defendant, Sunnyvale Department of Public Safety, is an agency of the

27        United States government, operating from 700 All America Way, City of

28        Sunnyvale, County of Santa Clara, State of California.

Exh. 3

3.   Defendant, Sheriff's Office of Santa Clara County, is an agency of the United States government, operating from 55 Younger Avenue, City of San Jose, County of Santa Clara, State of California.

4.   Defendant, Jonathan Paul Harrington, is an individual residing at 270 Wright Avenue, City of Morgan Hill, County of Santa Clara, State of California.

5.   Defendant, Suzie Doe 1, is an employee of the Santa Clara County Probation Department, operating from 2314 North First Street, City of San Jose, County of Santa Clara, State of California.

6.   Defendant, Gregory Paul Herlihy, is an individual residing at 1471 McDaniel Avenue, City of San Jose, County of Santa Clara, State of California.

7.   Defendant, Augustine Willard NewMoon, is an individual with no known address, but was known to reside at 1471 McDaniel Avenue, City of San Jose, County of Santa Clara, State of California.

8.   Defendant, Long Cao, also known as Kevin Cao, is an individual residing at 3859 De La Cruz Boulevard, City of Santa Clara, County of Santa Clara, State of California.

9.   Defendant, Kathy Ann Bickel, is an individual residing at 1256 Blakely Drive, City of Greenwood, County of Johnson, and State of Indiana.

10.  Defendant, Opal Jean Schmedel, is an individual residing at 3243 Oak Tree Drive South, City of Indianapolis, County of Marion, and State of Indiana.

11.  Defendants, Dale and Connie Ferguson, acting as agents of Defendant Adobe Wells, conducted business at 1220 Tasman Drive, City of Sunnyvale, County of Santa Clara, State of California.

12.   Defendants, Sylvana Healy and Steve Doe 2, acting as agents of
      Defendant, Advantage Homes, conducts business at 2890 Monterrey Road,
      City of San Jose, County of Santa Clara, State of California.

13.   Defendant, Alpert & Barr, conducting business at 6345 Balboa Boulevard,
      Suite 203, City of Encino, County of Los Angeles, State of California.

14.   Defendant, Origen Financial, conducting business at The American
      Center, 27777 Franklin Road, Suite 1700, City of Southfield, County of
      Oakland, State of Michigan.

15.   Defendant, Todd Su, acting as agent for Realty World - Golden State,
      conducting business at 275 Tully Road #A, City of San Jose, County of
      Santa Clara, State of California.

16.   It is not yet known the whereabouts of the remaining defendants at this
      time.

### JURISDICTION

This court has jurisdiction over this complaint because several of the
complaints arise under the Constitution and law of the United States.

### VENUE

Venue is appropriate in this court because the majority of defendant's
reside in this district, and a substantial amount of the acts and omissions
giving rise to this lawsuit occurred in this district.

### INTRADISTRICT ASSIGNMENT

This lawsuit should be assigned to the San Jose Division of this Court
because a substantial part of the events or omissions which give rise to this
lawsuit occurred in Santa Clara County.

### FACTS

Under California law:

- a person is guilty of conspiracy with another person or persons to commit
  a crime if the person agrees with such other person or persons that they

3

or one or more of them will engage in conduct that constitutes a crime or an attempt or solicitation to commit a crime, or if the person agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

- a person is guilty of bribery, a felony of the third degree, if he or she offers, confers, or agrees to confer upon another any pecuniary benefit as consideration for he decision, opinion, recommendation, vote, or other exercise of discretion as a public servant by the recipient.

- a person is guilt of bribery, a felony of the third degree, if he or she offers, confers, or agrees to confer upon another any benefit as consideration for a violation of a known legal duty as a public servant.

- a person commits an offense if he applies or dispose of property that has been entrusted to him or her as a fiduciary or property of a financial institution in a manner that he or she knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted.

In any case of conspiracy set forth pursuant to 42 U.S.C. § 1985, if one of more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, i.e., defamation, or deprived of having and exercising any right or privilege of a citizen of the United States, i.e., the right to vote, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

### COUNT I. CIVIL CONSPIRACY

Between June, 2006 and September, 2006, Defendants, Kathy Bickel, Opal Schmedel, Long Cao, Todd Su, Dale and Connie Ferguson (Adobe Wells), Origen Financial, Alpert & Barr, Steve Doe and Sylvana Healy (Advantage Homes) and

1    Richard Schreiber and the Sunnyvale Department of Public Safety and the

2    Sheriff's Office of Santa Clara County, entered into an agreement to commit

3    wrongful acts upon Plaintiff and that the agreement between the Defendants was

4    clearly implied by the conduct of both parties.

5        Defendant, Sunnyvale Department of Public Safety and the Sheriff's Office of

6    Santa Clara County, carried out the agreement within the actual or ostensible

7    authority of its agent and their actions were carried out in and during the

8    course of the employment by its' officers.

9        The result of the agreement between the Defendants deprived Plaintiff of his

10    home and the proceeds from the sale of his home.

11                    **COUNT II. FALSE LIGHT INVASION OF PRIVACY**

12        All Defendants made defamatory and slanderous statements regarding the

13    Plaintiff's conduct and deeds. Among the numerous reckless, malicious, and

14    unsubstantiated falsehoods contained therein were:

15    • that plaintiff engaged in sexual misconduct with a minor and, by nature,
16        was a pedophile;

17    • that plaintiff sold and trafficked illegal narcotics from his residence;

18    • that plaintiff used of hypodermic needles to inject illegal substances
19        and disposed of them in a reckless and negligent manner and, therefore,
20        presented a lethal risk to the community at large (in particular, to
21        children) as a combined consequence of his HIV status and actions;

22    • that plaintiff committed criminal acts comparable to those he filed
23        complaints against with Defendant, Sunnyvale Department of Public Safety;

24    • that plaintiff was complicit in and party to the criminal misdeeds that
25        were actually committed against him and that he willfully associated with
26        the perpetrators of crimes against him, and, therefore, was not a victim
27        of crime; and,

28

1   • that plaintiff's negligent decisions and poor judgment led to frequent

2       victimization, when, in fact, requests for help, reprieve and rescue made

3       to multiple law enforcement agencies, community groups and members of his

4       social support network were denied or, in some cases, intercepted by law

5       enforcement and private citizens acting in their employ.

6   Defendants' statements were made with knowledge that such statements were

7   false and/or with reckless disregard for the truth of the same, and defendants

8   acted with malice and wanton disregard of the rights of the Plaintiff.

9   Defendants knew at all relevant times that all of the false and defamatory

10  statements, suggestions, misstatements, innuendos, insinuations, and inferences

11  were false.

12  Defendants maliciously and recklessly made the aforementioned statements,

13  suggestions, misstatements, innuendos, insinuations, and inferences with

14  outrageous and reckless disregard for the truth.

15  Defendants' false statements and the implications of those statements

16  concerning Plaintiff are slanderous per se.

17  Slander is not a protected speech under the First Amendment.

18  Defendants have irresponsibly injured plaintiff's good name and professional

19  reputation.

20              COUNT III. STALKING AND HARASSMENT

21  Defendants, Jonathan Paul Harrington, Robert Bradford, Daniel Anthony

22  Napolitan, and Augustine Willard NewMoon, Gregory Paul Herlihy, and the

23  Sunnyvale Department of Public Safety, initiated and continued contact with

24  Plaintiff without the plaintiff's consent and in disregard of his expressed

25  desire that contact be avoided or discontinued.

26  The aforementioned defendants willfully, repeatedly and continually harassed

27  Plaintiff to intentionally cause him to feel terrorized, frightened,

28

intimidated, threatened and harassed, which actually caused him to feel terrorized, frightened, intimidated, threatened and harassed.

The aforementioned defendants willfully, maliciously, and repeatedly followed and harassed the Plaintiff with the intent to place him in reasonable fear of death or great bodily injury.

The aforementioned defendants knowingly and willfully directed their course of conduct towards the Plaintiff in such a way as to seriously alarm, annoy, and harass the Plaintiff, which served no legitimate purpose.

Defendant's conduct caused the Plaintiff to suffer substantial emotional distress.

Defendant's pattern of conduct is composed of a series of acts over one and a half years, evidencing a continuity of purpose.

Defendant's conduct was intentional, as was their ability to carry out threats of violence were apparent and credible, resulting in Plaintiff's reasonable fear for his safety.

## COUNT IV. ABUSE OF PROCESS

Defendants, Sunnyvale Department of Public Safety and the Sheriff's Office of Santa Clara County, intentionally misused both the civil and criminal legal process for an ulterior purpose (than that for which it was designed) resulting in economic and damage to Plaintiff's reputation; specifically, the defendants deprived the plaintiff of his and the proceeds of its sale by:

- making slanderous statements described in Count II of this complaint;
- coercing or compelling the other defendants in this complaint to participate in a scheme designed to deprive the plaintiff of his home and the proceeds from the sale of him home based on those statements; and,
- justifying a legal basis based on those slanderous statements.

7

## COUNT V. UNLAWFUL INTERCEPTION, DISCLOSURE, OR USE OF COMMUNICATION BY A
## NONGOVERNMENTAL DEFENDANT

Defendants, Gregory Paul Herlihy, Augustine Willard NewMoon, Suzie Doe, and Robert Robledo, unlawfully intercepted phone and email communications between Defendants, Origen Financial, Alpert & Barr, Adobe Wells and Advantage Homes, and Plaintiff, with the intent of surreptitiously acquiring privileged and confidential information for the purpose of interfering with Plaintiff's ability to conduct business with the aforementioned defendants.

Defendants, Gregory Paul Herlihy and Augustine Willard NewMoon, disclosed the substance of the intercepted communications between attorney and client to Defendants, Sunnyvale Department of Public Safety and the Sheriff's Office of Santa Clara County to prejudice and jeopardize the Plaintiff's ability to recover proceeds from the sale of his home.

Defendants, Sunnyvale Department of Public Safety, Gregory Paul Herlihy, Suzie Doe, Robert Robledo, and Augustine Willard NewMoon, disclosed the substance of communications between Plaintiff and third parties to Defendants, Santa Clara County Sheriff's Office, Santa Clara Police Department and San Jose Police Department, which was used to stalk and harass the Plaintiff and sabotage business relationships and contracts.

All defendants named herein intentionally interfered with and obstructed Plaintiff's ability to conduct business by the above-described conduct.

The Defendant's intentional interference upon the Plaintiff's ability to conduct business was offensive and objectionable to the Plaintiff and would be offensive or objectionable to a reasonable person.

All defendants herein intercepted phone and email communications without the Plaintiff's knowledge or consent and without the knowledge or consent of any of the third parties with whom the Plaintiff spoke, for the purpose of committing a criminal or tortious at in violation of Federal or State law.

8

1    Plaintiff is entitled to relief for the Defendant's tortious interference

2    upon the Plaintiff's ability to communicate with the defendants named herein.

3    COUNT VI. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR CONTRACT

4    On or about July 15th, 2006, Plaintiff commenced a business relationship

5    with a third parties, Alpert & Barr and Origen Financial, which contemplated

6    the execution of a home sale, whereby Plaintiff had a reasonable expectation of

7    economic gain from the sale of Plaintiff's home.

8    On or about August 15th, 2006, during the time Plaintiff was negotiating

9    with the third parties, Alpert & Barr and Origen Financial, in connection with

10   the business relationship described above, Defendants, Sunnyvale Department of

11   Public Safety, Santa Clara County Sheriff's Office, Kathy Bickel, Richard

12   Schreiber, Opal Schmedel and Long Cao, began a course of conduct that was

13   intended to disrupt Plaintiff's relationship with the third parties, and which

14   in fact did disrupt that relationship accordingly:

15   • Defendants, Sunnyvale Department of Public Safety, publicized

16     slanderous statements (described in Count X of this complaint) to

17     Defendants, Dale and Connie Ferguson, who, at that time, were acting

18     as agents of Defendants Adobe Wells, causing Adobe Wells and its'

19     agents to rescind a verbal agreement to extend the lease payment due

20     date; as a result, the lease between Adobe Wells and the Plaintiff was

21     terminated, whereas Plaintiff had a reasonable expectation that the

22     lease could be salvaged and maintained.

23   • Defendants, Dale and Connie Ferguson, publicized the above-described

24     slanderous statements made by Defendants, Sunnyvale Department of

25     Public Safety, to Defendants, Origen Financial; as a result, a verbal

26     agreement, which was also indicated by the conduct of said defendant,

27     rescinded an offer to accommodate Plaintiff's reduced income and

28     alleviate the burden of financial hardship.

9

- Defendant, Santa Clara County Sheriff's Office, employed individuals to impersonate agents of Alpert & Barr, Origen Financial and herein unnamed third-parties, and intentionally misrepresented and omitted relevant and pertinent information related to the sale of Plaintiff's home; as a result, Plaintiff suffered loss of home ownership and was defrauded of sale proceeds.

- Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington and Long Cao, wrongfully stated to Defendant, Advantage Homes, that Plaintiff's home was not available for sale, when, in fact, the Plaintiff's home was for sale; as a result, they prevented the sale of Plaintiff's home in a timely manner, causing the repossession of said home by Defendant, Origen Financial.

- Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington, removed the "For Sale" sign from the Plaintiff's home.

- Defendants, Steve and Advantage Homes, unlawfully delisted Plaintiff's home from the market in the absence of consent or knowledge of Plaintiff and wrongfully severed the sales contract with Plaintiff based on misrepresentations made by unauthorized agents; namely, Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington and Long Cao.

- Defendants, Dale and Connie Ferguson and Adobe Wells, violated a written contract with Plaintiff by refusing to interview prospective home buyers for residency in the Adobe Wells Mobile Community, which prevented the purchase of Plaintiff's home, whereas Plaintiff had a reasonable expectation that his home would be purchased, based on the approval of a home loan for potential buyers.

- Defendants, Kathy Ann Bickel, Opal Jean Schmedel and Long Thang Cao, intercepted and concealed correspondence related to the repossession

10

and sale of Plaintiff's home, whereas the Plaintiff was the intended recipient; the actions of the defendants impaired the Plaintiff's ability to make timely and informed decisions related to the sale of his home, resulting in the loss of sale proceeds.

- Defendant, Kathy Bickel, disclosed Plaintiff's medical, legal and other personal information to negatively and unduly influence the conduct and performance of other defendants named herein;

- Defendant, Augustine Willard NewMoon, impersonated the voice of Plaintiff to intercept the exchange of privileged and confidential information between third-parties names as defendants in this complaint;

- Defendant, Suzie Doe, Robert Robledo, falsely impersonated a customer service representative of Origen Financial and other business with which the Plaintiff had contact, and provided Plaintiff with false and misleading information regarding the repossession and sale of Plaintiff's home.

- Defendants, Sunnyvale Department of Public Safety, made defamatory and slanderous statements about the Plaintiff and portrayed him in a false light with malice and wanton disregard of his rights with the intent of persuading the defendants named in this complaint to participate in the fraudulent acts described in this complaint.

In engaging in the conduct described above, Defendant intended to impair or destroy Plaintiff's business relationship with the third party, Alpert & Barr and Origen Financial, thereby destroying Plaintiff's expectancy of economic gain. Defendant engaged in interfering conduct with malice toward Plaintiff and a desire to injure Plaintiff's rights. Defendant's conduct was improper, unlawful and unfair, in that it prevented contact between the Plaintiff and the third parties.

11

1    The conduct engaged in by Defendant and described above was the proximate
2    cause of the loss or impairment of Plaintiff's business relationship with the
3    third parties, Alpert & Barr and Origen Financial, which resulted in the
4    Plaintiff's loss of the expectancy of economic gain by fraudulent concealment
5    of facts material to the timely execution of contractual clauses formed between
6    the Plaintiff and third parties, Alpert & Barr and Origen Financial.

7    As a result of the impairment or loss of Plaintiff's business relationship
8    with the third parties, Alpert & Barr and Origen Financial, Plaintiff suffered
9    loss of the economic expectancy arising from the relationship, including
10   damages in the form of loss of expected income from sale of home, and amounting
11   to at least $26,000.

12   Defendant was not justified or privileged to engage in the conduct described
13   above, which resulted in the impairment or loss of Plaintiff's business
14   relationship with the third parties, Alpert & Barr and Origen Financial.

15   WHEREFORE, Plaintiff respectfully prays judgment against Defendant and
16   requests that the court grant relief as follows:

17   1. Compensatory damages for the value of the business opportunity or
18   expectancy that was lost as a result of the Defendant's tortious and improper
19   interference, the amount of which is $125,000.

20   2. Any other relief to which Plaintiff may be properly and justly entitled,
21   including punitive and additional compensatory damages.

22   **COUNT VII. FRAUDULENT MISREPRESENTATION AND CONCEALMENT**

23   Defendants, Kathy Bickel, Opal Schmedel and Long Cao, by means of materially
24   false and fraudulent pretenses, representations, and promises, and the
25   concealment of material facts, knowing that they were false and fraudulent when
26   made, knowingly and with intent defrauded Plaintiff of:

27   • proceeds from the sale of Plaintiff's home

28   • ownership of Plaintiff's home

12

Defendants, Kathy Bickel, Richard Davis Schreiber, Opal Jean Schmedel and Long Cao, made knowingly false and reckless statements to Defendant, Santa Clara County Sheriff's Office, which caused the unlawful declaration of health and safety code violations, resulting in the seizure of Plaintiff's home by Defendant, Santa Clara County Sheriff's Office; specifically, the aforementioned defendants claimed that Plaintiff:

    1.    trafficked and sold illegal narcotics from his home and allowed such activity by others;

    2.    used hypodermic needles to ingest illegal narcotics in his home; and,

    3.    frequently allowed numerous transients to use hypodermic needles to ingest illegal narcotics in his home

Defendants, Santa Clara County Sheriff's Office, unlawfully and without due process guaranteed by State and County law, declared Plaintiff's home in violation of health and safety codes based on false statements made by the defendants contained above.

Defendants, Santa Clara County Sheriff's Office, based on false statements made by Defendants, Kathy Bickel, Richard Davis Schreiber, Opal Jean Schmedel and Long Cao, described in this count, conducted an illegal seizure of the Plaintiff's home with knowledge that the statements made by the defendants were false.

Defendants, Alpert & Barr and Origen Financial, unlawfully conducted the sale of Plaintiff's home by failing to notify Plaintiff of intent to sale by drafting and delivering correspondence to the Plaintiff as prescribed by law, which governs said correspondence; specifically, the defendant failed to:

- deliver the notification of intent to sale Plaintiff's home within the time frame required by law;

- describe the dimensions of the property accurately, as required by law; and,

13

- make a reasonable effort to ensure that Plaintiff received notice of intent to sale as prescribed by law.

Defendants, Alpert & Barr and Origen Financial, failed to make a reasonable effort to notify the Plaintiff of the sale of his home, which resulted in Plaintiff's loss of economic proceeds.

Defendants, Kathy Bickel, Opal Jean Schmedel and Long Cao, did intentionally and with malice conceal documents, which were addressed to the Plaintiff and sent by Defendants, Alpert & Barr, Origen Financial, Adobe Wells, and the Santa Clara County Sheriff's office related to the repossession and sale of Plaintiff's home, causing the Plaintiff to be defrauded as described above.

Plaintiff suffered the loss of ownership of and economic proceeds from the sale of his home, whereas, the Plaintiff had a reasonable expectancy of continued home ownership and economic proceeds from the sale of the home, and, due to the conduct and actions of the aforementioned defendants described above, Plaintiff did lose ownership of and proceeds from the sale of his home.

### COUNT VIII. CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

All defendants named in this complaint acted in a manner, positively and tacitly, and reached a mutual understanding to try to accomplish a common and unlawful plan to deprive the Plaintiff of economic advantage of which he is entitled and to irreparably damage his social and professional reputation. ACCORDINGLY, Plaintiff demands a trial by jury and judgment from the Court as follows:

- Find in favor of Plaintiff against defendants and award compensatory damages in excess of $2,000,000 and punitive damages.

- Order defendants' to pay an award of attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. §988(b).

- Order any other relief deemed reasonable and appropriate by the Court.

14

1    Dated: _____            Signed: _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*cc to DEK*

# Filed

SEP - 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES BUSH,
       Plaintiff,

    v.

SUNNYVALE POLICE DEPT.,
       Defendants.

Case No. CV-07-831-JF

ORDER TO SHOW CAUSE RE:
DISMISSAL

      The above named matter came regularly for a case management conference hearing

before the Honorable Jeremy Fogel in Courtroom 3, on August 31, 2007 at 10:30 a.m.

No appearance was made by Plaintiff. The Court hereby issues an ORDER TO SHOW CAUSE

to be heard on October 5, 2007 at 10:30 a.m. as to why this action should not be dismissed

for failure to prosecute. If Plaintiff does not file a response to the ORDER TO SHOW CAUSE

by September 25, 2007, demonstrating why the case should not be dismissed, the Court will dismiss

the action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to

prosecute.

Date: September 6, 2007

JEREMY FOGEL
United States District Judge

Exh. 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES BUSH,
     Plaintiff,

    V.

SUNNYVALE POLICE DEPT.,
     Defendant.
_____/

CV-07-831-JF and Related Cases CV-07-3641-JF,
CV-07-3942-JF,  CV-07-4241-JF,
CV-07-4261-JF and CV-07-4460-JF

ORDER OF DISMISSAL

The above named matter came regularly for Show Cause hearing before the Honorable Jeremy Fogel in Courtroom 3, on October 5, 2007 at 10:30 a.m. No appearance or response was made o behalf of plaintiff.

IT IS HEREBY ORDERED that this case and all related cases be dismissed for failure to prosecute.

Dated: _____

_____
JEREMY FOGEL
United States District Judge

Exh. 5